**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**
(State)

Case number *(if known)*: _____   Chapter   **11**

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. **Debtor's Name** | **Altera Infrastructure L.P.** | |
| 2. **All other names debtor used in the last 8 years** | **Teekay Offshore Partners L.P.** | |
| Include any assumed names, trade names, and *doing business as* names | | |
| 3. **Debtor's federal Employer Identification Number** (EIN) | **98-0512555** | |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| Altera House, Unit 3, Prospect Park, Prospect Road | |
| Number          Street | Number          Street |
| Arnhall Business Park | |
| Westhill, AB32 6FJ, United Kingdom | |
| City                    State    Zip Code | City                    State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| | Number          Street |
| County | |
| | City                    State    Zip Code |

5. **Debtor's website** (URL)   **https://www.alterainfra.com/**

Debtor      Altera Infrastructure L.P.                                                  Case number *(if known)*
　　　　　　　Name

**6.   Type of debtor**

☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☒ Partnership (excluding LLP)

☐ Other. Specify:

**7.   Describe debtor's business**

A.  *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B.  *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**4  8  3  1**

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.   *Check all that apply:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.**  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor      Altera Infrastructure L.P.                  Case number *(if known)* _____
Name

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No
☐ Yes.

District _____   When _____   Case number _____
                          MM / DD /YYYY

If more than 2 cases, attach a separate list

District _____   When _____   Case number _____
                          MM / DD /YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

Debtor   **See Rider 1**               Relationship   **Affiliate**

District   **Southern District of Texas**      When   **See Rider 1**
                                                  MM / DD / YYYY

Case number, if known   _____

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
                               Number      Street

_____
City                        State      Zip Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

         Contact name _____

         Phone _____

---

**Statistical and administrative information**

Debtor    Altera Infrastructure L.P.                                    Case number *(if known)*
_____
            Name

| | | |
|---|---|---|
| **13. Debtor's estimation of available funds** | *Check one:* | |

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **08/12/2022**
                        MM/ DD / YYYY

✗    **/s/ Giles Mark Mitchell**                          **Giles Mark Mitchell**
      Signature of authorized representative of debtor      Printed name

Title    **Authorized Person**

---

[1]    The estimated number of creditors and estimated amounts of assets and liabilities are being listed on a consolidated basis for all Debtor affiliates listed on Rider 1, attached hereto.

Debtor　　　　Altera Infrastructure L.P.　　　　　　　　　　　Case number *(if known)*　_____
　　　　　　Name

**18. Signature of attorney**　　　　✖　　*Matthew D. Cavenaugh*　　　　　Date　　__08/12/2022__
　　　　　　　　　　　　　　　　Signature of attorney for debtor　　　　　　　　MM/ DD/YYYY

　　　　　　　　　　　**Matthew D. Cavenaugh**
　　　　　　　　　　　Printed name

　　　　　　　　　　　**Jackson Walker LLP**
　　　　　　　　　　　Firm name

　　　　　　　　　　　**1401 McKinney Street, Suite 1900**
　　　　　　　　　　　Number　　　　　　Street

　　　　　　　　　　　**Houston**　　　　　　　　**Texas**　　　**77010**
　　　　　　　　　　　City　　　　　　　　　　　State　　　ZIP Code

　　　　　　　　　　　**(713) 752-4200**　　　　　**mcavenaugh@jw.com**
　　　　　　　　　　　Contact phone　　　　　　　Email address

　　　　　　　　　　　**24062656**　　　　　　**Texas**
　　　　　　　　　　　Bar number　　　　　　State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**

(State)

Case number (if known): _____   Chapter ___11___

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Altera Infrastructure L.P.

- Altera Infrastructure L.P.
- ALP Ace B.V.
- ALP Centre B.V.
- ALP Defender B.V.
- ALP Forward B.V.
- ALP Guard B.V.
- ALP Ippon B.V.
- ALP Keeper B.V.
- ALP Maritime Group B.V.
- ALP Maritime Holding B.V.
- ALP Maritime Services B.V.
- ALP Ocean Towage Holding B.V.
- ALP Striker B.V.
- ALP Sweeper B.V.
- ALP Winger B.V.
- Altera Al Rayyan L.L.C.
- Altera Infrastructure Finance Corp.
- Altera Infrastructure FSO Holdings Limited
- Altera Infrastructure GP L.L.C.
- Altera Infrastructure Holdings L.L.C.
- Altera Infrastructure Production Holdings Limited
- Altera Infrastructure Project Services LLC
- Altera Knarr AS
- Altera Production UK Limited
- Altera Voyageur Production Limited
- Arendal Spirit AS
- Arendal Spirit L.L.C.
- Clipper L.L.C.
- Gina Krog AS
- Gina Krog Offshore Pte. Ltd.
- Golar-Nor (UK) Limited
- Knarr L.L.C.
- Petrojarl I L.L.C.
- Petrojarl I Production AS
- Piranema L.L.C.
- Piranema Production AS
- Salamander Production (UK) Limited
- Voyageur L.L.C.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALTERA INFRASTRUCTURE L.P., | ) | Case No. 22-[   ] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## <u>LIST OF EQUITY SECURITY HOLDERS</u>[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Altera Infrastructure L.P. | Brookfield Asset Management Private Institutional Capital Adviser (Private Equity), L.P. | 181 Bay Street, Suite 300, Toronto, Ontario, M5J 2T3, Canada | 0.03% |
| | Brookfield TK Acquisition Holdings LP | 73 Front Street, 5th Floor, Hamilton, HM12, Bermuda | 25.32% |
| | Brookfield TK TOLP LP | 73 Front Street, 5th Floor, Hamilton, HM12, Bermuda | 58.96% |
| | Brookfield TK Block Acquisition LP | 73 Front Street, 5th Floor, Hamilton, HM12, Bermuda | 13.67% |
| | Public | N/A | 1.26% |
| | Altera Infrastructure GP L.L.C. | Altera House, Unit 3 Prospect Park, Prospect Road Arnhall Business Park, Westhill AB32 6FJ, United Kingdom | 0.76% |

---

[1]  This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ALTERA INFRASTRUCTURE L.P., | ) | Case No. 22-[   ] (___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

- Brookfield Asset Management Inc. and certain of its affiliates[1]

- Brookfield Business Partners L.P.

---

[1]  Brookfield Asset Management Inc. and Brookfield Business Partners L.P. directly or indirectly own 10% or more of the Debtors' equity interests.  Certain related affiliates of Brookfield Asset Management Inc. and Brookfield Business Partners L.P. may indirectly own 10% or more of the Debtors' equity interests.

Debtor:  Altera Infrastructure L.P.                                            Case number (if known): _____

---

**Fill in this information to identify the case:**

Debtor name    Altera Infrastructure L.P.

United States Bankruptcy Court for the:    Southern          District of    Texas
                                                                                          (State)

Case number (If known):    _____

☐ Check if this is an amended filing

---

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
                                                                                                          12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **THE BANK OF NEW YORK MELLON** CORPORATE TRUST DEPARTMENT 101 BARCLAY STREET, FLOOR 7 EAST NEW YORK, NY 10286 | P: 212-495-1784 F: 212-815-5366 | UNSECURED BONDS | | | | $289,206,303.75 |
| 2 | **MARSH LTD** VICTORIA HOUSE QUEENS ROAD NORWICH, GB NR1 3QQ UNITED KINGDOM | (CONTACT ON FILE) P: (TELEPHONE ON FILE) (EMAIL ON FILE) | INSURANCE CLAIM | | | | $2,358,117.51 |
| 3 | **RENA QUALITY GROUP AS** BREIVIKVEIEN 29C 4014 STAVANGER, NORWAY | (CONTACT ON FILE) P: (TELEPHONE ON FILE) (EMAIL ON FILE) | TRADE CLAIM | | | | $1,071,620.00 |
| 4 | **NORTRANS ACCOMMODATION PTE LTD** 87B AMOY ST SINGAPORE,  069906 SINGAPORE | MS JACQUELINE NG P: +65 6319 8799 F: +65 6319 8798 accounts@nortrans.com | TRADE CLAIM | | | | $910,830.00 |
| 5 | **COCKETT MARINE OIL DMCC** OFFICE 2803 28TH FLOOR JUMEIRAH BAY X3 JUMERIRAH LAKES TOWERS DUBAI, AE UNITED ARAB EMIRATES | CEM SARAL, CEO P: +31 (0) 10 261 70 60 rotterdam@cockett.com | TRADE CLAIM | | | | $761,544.88 |
| 6 | **REACH SUBSEA AS** SØRHØYGGATA 128 POSTBOX 1393 N-5507 HAUGESUND HAUGESUND,  5527 NORWAY | (CONTACT ON FILE) P: (TELEPHONE ON FILE) vancouver@dnvgl.com | TRADE CLAIM | | | | $630,458.74 |
| 7 | **VIPO AS** KALOSJEGATA 15 PO BOX A KROKSTADELVA,  3055 NORWAY | (CONTACT ON FILE) P: (TELEPHONE ON FILE) contact@viposolutions.com | TRADE CLAIM | | | | $513,570.34 |

Debtor: Altera Infrastructure L.P.                                    Case number (if known): _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | **BILFINGER UK LIMITED** WILSON HOUSE, KELBURN COURT DATEN PARK WARRINGTON,  WA3 6UT UNITED KINGDOM | (CONTACT ON FILE) P: (TELEPHONE ON FILE) (EMAIL ON FILE) | TRADE CLAIM | | | | $408,745.40 |
| 9 | **LIEBHERR - DANMARK APS** MARSALLE 38A HORSENS,  8700 NORWAY | (CONTACT ON FILE) P: (TELEPHONE ON FILE) (EMAIL ON FILE) | TRADE CLAIM | | | | $306,964.05 |
| 10 | **DNV AS** VERITASVEIEN 1 HØVIK,  1322 NORWAY | (CONTACT ON FILE) P: (TELEPHONE ON FILE) vancouver@dnvgl.com | TRADE CLAIM | | | | $302,342.86 |
| 11 | **OFFSHORE OG MARIN HYDRAULIKK AS** FV410 530, TITRAN TITRAN,  7268 NORWAY | P: (TELEPHONE ON FILE) offmarin@omhas.com | TRADE CLAIM | | | | $271,846.70 |
| 12 | **SODEXO REMOTE SITES NORWAY AS** VASSBOTNEN 1 PO BOX 13 SANDNES,  4313 NORWAY | P: (TELEPHONE ON FILE) info.no@sodexo.com | TRADE CLAIM | | | | $268,351.05 |
| 13 | **TEEKAY SHIPPING LIMITED** SUITE 1778 48 PAR-LA-VILLE RD HAMILTON,  HM 11 BERMUDA | KENNETH HVID, CEO P: (441) 298 2530 F: (441) 292-3931 Kenneth.hvid@teekay.com | TRADE CLAIM | | | | $252,902.82 |
| 14 | **MARLINK AS** LYSAKER TORG 45 PO BOX 433 LYSAKER NORWAY OSLO,  1366 NORWAY | (CONTACT ON FILE) P: (TELEPHONE ON FILE) (EMAIL ON FILE) | TRADE CLAIM | | | | $219,675.15 |
| 15 | **IPS (ABERDEEN) LTD** UNIT 3 DUNNOTTAR HOUSE HOWEMOSS DRIVE DYCE, ABERDEEN,  AB21 0GL UNITED KINGDOM | (CONTACT ON FILE) P: (TELEPHONE ON FILE) info@theipsgroup.co.uk | TRADE CLAIM | | | | $217,168.06 |
| 16 | **SOLIDENERGY AS** TRANESVEGEN 2 ÅGOTNES,  5363 NORWAY | (CONTACT ON FILE) P: (TELEPHONE ON FILE) post@solid-vedlikehold.no | TRADE CLAIM | | | | $206,841.69 |
| 17 | **DOF SUBSEA NORWAY AS** THORMØHLENS GATE 53 BERGEN,  5008 NORWAY | (CONTACT ON FILE) P: (TELEPHONE ON FILE) F: (FAX ON FILE) (EMAIL ON FILE) | TRADE CLAIM | | | | $204,905.44 |
| 18 | **KASOMO ENERGY AS** TUNGAVEGEN 38 TRONDHEIM,  7047 NORWAY | post@kasomo.no | TRADE CLAIM | | | | $202,331.89 |

Debtor: Altera Infrastructure L.P.                                    Case number (if known): _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | **KUEHNE + NAGEL LTD** TN91088 700-535 THURLOW STREET VANCOUVER,  V6E 3L2 CANADA | STEFAN PAUL, CEO P: (604) 684-4531 uk.collections@kuehne-nagel.com | TRADE CLAIM | | | | $192,010.42 |
| 20 | **HEALTH & SAFETY EXECUTIVE** FINANCIAL OPERATIONS, CASH AND SALES SECTION 6.4 REDGRAVE CT, MERTON RD BOOTLE, MERSEYSIDE,  L20 7HS UNITED KINGDOM | P: (TELEPHONE ON FILE) Media.enquiries@hse.gov.uk | TRADE CLAIM | | | | $184,316.21 |
| 21 | **BELFOR TECHNOLOGY (NEDERLAND) B.V.** DALTONSTRAAT DORDRECHT,  3316 GD NETHERLANDS | P: (TELEPHONE ON FILE) info@belfor-technology.nl | TRADE CLAIM | | | | $175,533.73 |
| 22 | **AKER SOLUTIONS AS** OKSENØYVEIEN 8 LYSAKER,  1366 NORWAY | (CONTACT ON FILE) P: (TELEPHONE ON FILE) F: (FAX ON FILE) | TRADE CLAIM | | | | $165,975.36 |
| 23 | **SHELL MARINE PRODUCTS SINGAPORE** 83 CLEMENCEAU AVENUE SINGAPORE,  239920 SINGAPORE | P: 6384 8000 F: 6384 8657 internationalmarine-neurope@shell.com | TRADE CLAIM | | | | $158,758.95 |
| 24 | **NES GLOBAL TALENT NORGE AS (EX. ENERGY PEOPLE AS)** LURAMYRVEIEN 40 SANDNES,  4313 NORWAY | (CONTACT ON FILE) P: (TELEPHONE ON FILE) (EMAIL ON FILE) | TRADE CLAIM | | | | $150,809.39 |
| 25 | **ESTALEIROS BRASFELS LTDA** ROD. RIO SANTOS KM. 81 S/N PARTE, JACUACANGA ANGRA DOS REIS, RJ 23913-060 BRAZIL | P: +55 (24) 3361-6000 F: +55 (24) 3361-6183 accounts.receivable@kfelsbrasil.com .br | TRADE CLAIM | | | | $149,801.54 |
| 26 | **RIGNET SERVIÇOS DE TELECOMUNICAÇÕES BRASIL LTDA** RUA MARIO FUGUEIREDO PROENÇA, 151, QUADRA B, LOTE 22, IMBOASSICA MACAE, RJ 27932-305 BRAZIL | ROBERT BLAIR, GENERAL COUNSEL P: (22) 2123-2888 robert.blair@viasat.com | TRADE CLAIM | | | | $122,882.73 |
| 27 | **ENERMECH AS** ENERGIVEIEN 9 TANANGER,  4056 NORWAY | (CONTACT ON FILE) P: (TELEPHONE ON FILE) F: (FAX ON FILE) sales@enermech.com | TRADE CLAIM | | | | $122,794.33 |
| 28 | **DOVRE GROUP ENERGY AS** LOKKEVEIEN 99 P.O BOX 77 SENTRUM STAVANGER,  4001 NORWAY | (CONTACT ON FILE) P: (TELEPHONE ON FILE) (EMAIL ON FILE) | TRADE CLAIM | | | | $122,541.39 |
| 29 | **THREE60 EPCC** 1ST FLOOR REGENT CENTRE ABERDEEN ABERDEEN, GB AB11 5NS UNITED KINGDOM | (CONTACT ON FILE) P: (TELEPHONE ON FILE) info@stepchangeeng.com | TRADE CLAIM | | | | $116,481.44 |

Debtor: Altera Infrastructure L.P.                                                     Case number (if known): _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 30 | **TEEKAY CORPORATION** TRUST COMPANY COMPLEX, AJELTAKE ROAD AJELTAKE ISLAND MAJURO, 96960 MARSHALL ISLANDS | KENNETH HVID, CEO P: (441) 298 2530 F: (441) 292-3931 Kenneth.hvid@teekay.com | TRADE CLAIM | C/U/D | | | **Unliquidated** |

# ALTERA INFRASTRUCTURE GP L.L.C.
## BOARD MEETING
## HELD BY TEAMS MEETING ORIGINATING IN THE UK
## FRIDAY, AUGUST 12TH, 2022 – PART II

## PRESENT

William P. Utt
Benedicte Bakke Agerup
Ian G. Craig
Carol Flaton
Craig Laurie
Ralf Rank
Michael Rudnick
Ingvild Sæther
Nelson Silva
William L. Transier
Denis Turcotte

## By Invitation:

Jan Rune Steinsland, Chief Financial Officer, AIGL
Duncan Donaldson, General Counsel, AIGL
Mark Mitchell, Vice President and Company Secretary
Brian Schartz, Kirkland and Ellis LLP (Kirkland)
Jack Luze, Kirkland
Josh Sussberg, Kirkland
Francis Petrie, Kirkland
Daniel Aronson, Kirkland
Avinash D'Sousa, Evercore Group LLC (Evercore)
Elliott Ross, Evercore
Karl Nagy, Evercore

## DEFINITIONS

In these minutes:

- "AIC" means ALIN's corporate resource group;
- "AIG" means the ALIN group of companies;
- "AIGL" means Altera Infrastructure Group Ltd.;
- "AIHL" means Altera Infrastructure Holdings L.L.C.;
- "AIP" means the Altera Production business unit;
- "AIS" means Altera Shuttle and Storage business unit;
- "ALIN" or "the Partnership" means Altera Infrastructure L.P.;
- "ALIN GP", "General Partner" or "Company" means Altera Infrastructure GP L.L.C.;
- "ALP" means ALP Maritime B.V. and subsidiaries;
- "Audit Committee" means the audit committee of the Board;
- "Board" means the board of directors of ALIN GP;
- "Brookfield" means Brookfield Business Partners L.P. and affiliates thereof;
- "Conflicts Committee" means the conflicts committee of the Board;

- "Corporate Governance Committee" means the corporate governance committee of the Board;
- "Executive Oversight Committee" means the executive oversight committee of the Board;
- "Project Odin" and "Project Tor" means the review of the potential strategic and/or financial alternatives for the Partnership and subsequent transactions;
- "Project & Opportunity Review Committee" means the project and opportunity review committee of the Board;
- "RCF" means a revolving credit facility
- "Resource Materials" refers to background information distributed to the Board pertaining to topics under consideration at this meeting; and
- "Shuttleco" means Altera Shuttle Tankers LL.C.

## PRELIMINARIES

Mr. Utt, Chair of the Board, chaired the meeting and Mr. Mitchell was the secretary.

As notice of the meeting had been given and a quorum of the Board members was in attendance, the meeting was declared to be duly constituted for the transaction of business. The meeting reconvened at 0300pm BST.

The Chair advised that Messrs Schartz, Luze and Sussberg of Kirkland & Ellis LLP (Kirkland) and Messrs D'Souza, Aronson and Nagy of Evercore Inc were attending the meeting at his invitation.

*Part I of the minutes records presentations and recommendations to the Board and discussions thereon.*

### 3   Amendments to limited partnership agreement of Altera Infrastructure LP

On a motion duly made, seconded, and carried, with Messrs Laurie, Rank, Rudnick and Turcotte recusing themselves and all other directors voting in favour, the following resolution was adopted:

> WHEREAS, the Partnership was formed upon the filing of a certificate of limited partnership with the Registrar of Corporation of the Republic of the Marshall Islands (as amended, the "Certificate of Limited Partnership") and is governed by that certain Seventh Amended and Restated Agreement of Limited Partnership of Teekay Offshore Partners L.P. dated as of January 22, 2020 (including all exhibits, schedules, and annexes thereto, as amended, the "LP Agreement," and capitalized terms used but not defined herein shall have the meanings ascribed to them in the LP Agreement);

> WHEREAS, pursuant to Section 13.1(d)(1) and 16.5(c) of the LP Agreement, the General Partner has the authority to amend any provision of the LP Agreement without the consent of any Limited Partner, for a change that (i) the General Partner determines does not adversely affect the Limited Partners (including any particular class or series of Partnership Interests as compared to other classes or series of Partnership Interests) in any material respect, and (ii) would not have a material adverse effect on the existing terms of the Series A Preferred Units, Series B Preferred Units, or Series E Preferred Units;

> WHEREAS, Section 11.1 of the LP Agreement sets forth certain Events of Withdrawal and provides that upon the occurrence of any such Events of Withdrawal the General Partner shall be deemed to have withdrawn from the Partnership;

WHEREAS, the General Partner desires to amend the LP Agreement, in accordance with and in reference to the Limited Partnership Act of the Marshall Islands, as amended, supplemented, or restated from time to time, and any successor to such statute (the "Marshall Islands Act"), to provide that the occurrence of any one or more of the events of withdrawal, as set forth in Section 35(1)(d) and Section 35(1)(e) of the Marshall Islands Act, shall not cause the General Partner to cease being the general partner of the Partnership.

NOW, THEREFORE, BE IT RESOLVED, that forms, terms and provisions of Amendment No. 3 to Seventh Amended and Restated Agreement of Limited Partnership of Altera Infrastructure L.P. (the "Amendment"), substantially in the form attached hereto as Exhibit A, are hereby approved, authorized, ratified and confirmed in all respects, and the officer of the General Partner (the "Authorized Person") is hereby individually authorized, empowered, and directed in the name and on behalf of each of the Partnership and the General Partner (and the General Partner in its capacity as the sole general partner of the Partnership), to enter into, execute, certify, acknowledge and deliver the Amendment and all further amendments, supplements, modifications, certificates, waivers and other actions to the Amendment and all agreements, instruments, documents and transactions contemplated thereby or necessary or appropriate in connection therewith, with such changes therein as the Authorized Person executing the same may approve, such approval to be conclusively evidenced by his execution and delivery thereof.

FURTHER RESOLVED, that the General Partner hereby determines that the Amendment (i) does not adversely affect the Limited Partners (including any particular class or series of Partnership Interests as compared to other classes or series of Partnership Interests) in any material respect, and (ii) would not have a material adverse effect on the existing terms of the Series A Preferred Units, Series B Preferred Units, or Series E Preferred Units.

FURTHER RESOLVED, that the Authorized Person is hereby individually authorized, empowered and directed in the name and on behalf of each of the General Partner and the Partnership, on his own or through any agent whom the Authorized Person delegates such authority, to make, execute and file all agreements, applications, certificates, documents or other instruments, and pay any and all fees, and to do any and all acts and things, which such Authorized Person shall deem necessary, advisable or appropriate in order to carry out the intent and purpose of any and all of the foregoing resolutions, and that the execution and filings of such agreements, applications, certificates, documents or other instruments by such Authorized Person or any agent whom the Authorized Person delegates such authority, and the paying of any and all fees, and doing any and all other acts and things, shall conclusively establish such approval and such Authorized Person's authority therefor.

FURTHER RESOLVED, that any and all acts of any of the Authorized Person or agent of the Authorized Person, directors or officers of the General Partner, or other agents of the General Partner or the Partnership previously done or performed, which are for the purpose and intent of implementing these resolutions, are hereby authorized, approved, adopted, ratified and confirmed.

FURTHER RESOLVED, that minutes of the Board meeting documenting passage of these resolutions may be signed by the Chair and the Secretary without further approval by the Board.

## 4 Filing Voluntary Petitions for Relief and Related Matters

On a motion duly made, seconded, and carried, with Messrs Laurie, Rank, Rudnick and Turcotte recusing themselves and all other directors voting in favour, the following resolution was adopted:

WHEREAS, the Company is governed by the Marshall Islands Limited Liability Company Act of 1996 (the "Act").

WHEREAS, Section 21 of the Act provides that a person ceases to be a member of a limited liability company upon the happening of any of the events set forth in Section 21(1) and Section 21(2) of the Act (the events as set forth in Section 21(1) and Section 21(2) of the Act, collectively, the "Section 21 Events").

WHEREAS, the Board has considered certain materials presented by, or on behalf of, Altera Infrastructure Group Limited's ("Altera Group") management (Altera Group's "Management") and financial and legal advisors (collectively, Altera Group's "Advisors"), including, but not limited to, materials regarding the liabilities, obligations, and liquidity of the Company and the Partnership, the strategic alternatives available to the Company and the Partnership, and the impact of the foregoing on the Company's and the Partnership's business and the business of the Company's and the Partnership's affiliates;

WHEREAS, the Board has reviewed and considered presentations by Management and the Advisors of the Company and the Partnership regarding that certain restructuring support agreement (as may be amended, supplemented, or modified from time to time, the "Restructuring Support Agreement") and the advantages and disadvantages to the Company and the Partnership of the transactions contemplated thereunder;

WHEREAS, the Board has reviewed and considered presentations by Management and the Advisors of the Company and the Partnership regarding the advantages and disadvantages of the chapter 11 plan of reorganization (as may be amended, modified, or supplemented from time to time, the "Plan") contemplated in the Restructuring Support Agreement;

WHEREAS, the Board has considered the transactions and approvals described in these resolutions and will in the future consider such authorizations and approvals and the resolutions set forth herein shall be effective upon the adoption of similar resolutions by the Board;

WHEREAS, the Board has had adequate opportunity to consult with its Management and Advisors regarding the materials presented, to obtain additional information, and to fully consider each of the strategic alternatives available to each of the Company and the Partnership; and

WHEREAS, the Board has determined, in an exercise of its business judgment, and based on the recommendation of the Restructuring Committee, that the following resolutions are advisable and in the best interest of the Company, the General Partner, the Partnership, its subsidiaries, its creditors, and other parties in interest.

VOLUNTARY PETITIONS FOR RELIEF

NOW, THEREFORE, BE IT CONFIRMED, that the members of the Board have considered their fiduciary duties under applicable law in exercising their powers and discharging their duties, to act honestly and in good faith with a view to the best interests of each of the Company and the Partnership as a whole, and to exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances.

RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of each of the Company and the Partnership, its interest holders, its subsidiaries, its creditors, and other parties in interest that the Company and the Partnership shall each be, and hereby is, in all respects authorized to file, or cause to be filed, a voluntary petition for relief (the "Bankruptcy Petition") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") for the Company and the Partnership; and, in accordance with the requirements of the Company's and the Partnership's governing documents and applicable law, hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petition.

FURTHER RESOLVED, that any director or officer of the Company and each of David Alexander Vik Smith, Giles Mark Mitchell, and Julien Vincent Yves Defurne (together, and with any persons to whom such persons delegate certain responsibilities, collectively, the "Authorized Persons"), each acting individually and with the full power of substitution be, and hereby is, authorized to execute and file on behalf of the Company and the Partnership all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of each of the Company and the Partnership.

RETENTION OF PROFESSIONALS

RESOLVED, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, empowered and directed to employ the following professionals on behalf of each of the Company and the Partnership: (i) the law firm of Kirkland & Ellis LLP, as general bankruptcy counsel; (ii) the law firm of Jackson Walker LLP, as local bankruptcy counsel; (iii) the firm of FTI Consulting, Inc., as restructuring advisor; (iv) the firm of Evercore Group L.L.C., as financial advisor; (v) Stretto, as claims, noticing, solicitation, and administrative agent; (vi) Quinn Emanuel Urquhart & Sullivan, LLP, as restructuring counsel; and (vii) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorized Person deems necessary, appropriate, or advisable; each to represent and assist any of the Company or the Partnership in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of each of the Company or the Partnership, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby individually is authorized, empowered, and directed, in accordance with the terms and conditions hereof,

to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services.

FURTHER RESOLVED, each of the Authorized Persons, be, and hereby individually is, authorized, empowered, and directed to execute (under the common seal of the Company or the Partnership, as applicable and if appropriate) and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute (under the common seal of the Company or the Partnership, as applicable and if appropriate) such further documentation that the Authorized Persons in his or her absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions.

CASH COLLATERAL, DEBTOR-IN-POSSESSION<br>FINANCING, AND ADEQUATE PROTECTION

RESOLVED, that the Company and the Partnership will each obtain benefits, which are necessary and convenient to the conduct, promotion, and attainment of the business of each of the Company and the Partnership, from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders, and (b) the incurrence of debtor-in-possession financing obligations by entering into that certain Debtor In Possession Credit Agreement (the "DIP Credit Agreement"), to be dated on or about August 15, 2022 (the "DIP Financing").

RESOLVED, that in order to use and obtain the benefits of the DIP Financing and Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company and the Partnership will each provide certain adequate protection to the secured parties (the "Adequate Protection Obligations"), as documented in the proposed order in interim and final form (the "DIP Order") submitted for approval to the Bankruptcy Court.

RESOLVED, that in order to use and obtain the benefits of the DIP Financing and Cash Collateral, the Company and the Partnership will each also enter into one or more of the documents listed on Schedule I attached hereto to secure the DIP Financing (collectively with the DIP Credit Agreement, the "DIP Financing Documents").

RESOLVED, that the form, terms, and provisions of the DIP Financing Documents and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved in all respects, and the Company and the Partnership is each authorized to enter into the DIP Financing Documents, subject to approval by the Bankruptcy Court.

RESOLVED, that the form, terms, and provisions of the DIP Order to which any of the Company or the Partnership is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved in all respects, and each of the Authorized Persons be, and hereby individually is, authorized, directed, and empowered, in the name of and on behalf of the Company or the Partnership, as applicable, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Order, the DIP Financing Documents, and such other agreements, amendments, certificates, instruments, fee letters, notices, receipts, recordings, filings, petitions, mortgages, motions, or other papers or documents to which the Company or the

Partnership is or will be a party, including, but not limited to, any security and pledge agreement, any further collateral agreements or guaranty agreements, and such other agreements, instruments, certificates, mortgages, notices, assignments, amendments, and documents as may be reasonably requested by the agent under the DIP Financing (the "DIP Agent") (collectively with the DIP Order and the DIP Financing Documents, the "DIP Documents"), incur and pay, or cause to be paid, all fees and expenses and engage such persons, in each case, on such terms and conditions as the Authorized Persons executing the same shall approve, such approval to be conclusively evidenced by each such Authorized Person's execution and delivery thereof.

RESOLVED, that each of the Company and the Partnership, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including the guaranty of the obligations thereunder and the granting of liens on substantially all of its assets to secure such obligations.

RESOLVED, that each of the Authorized Persons be, and hereby individually is, authorized and directed, and each of them acting alone hereby is authorized, directed, and empowered in the name of, and on behalf of, each of the Company and the Partnership, as debtor and debtor in possession, to take such actions as in his or her discretion is determined to be necessary, desirable, or appropriate and effectuate the DIP Documents and the DIP Transactions, including delivery thereof.

RESOLVED, that each of the Authorized Persons be, and hereby individually is, authorized, directed, and empowered in the name of, and on behalf of, each of the Company and the Partnership to file or to authorize the DIP Agent to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Company or the Partnership, as applicable, that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property and other property of the Company or the Partnership and such other filings in respect of intellectual and other property of the Company or the Partnership, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Order.

RESOLVED, that each of the Authorized Persons be, and hereby individually is, authorized, directed, and empowered in the name of, and on behalf of, each of the Company and the Partnership to:  (a) prepare any amendments, waivers, consents, supplements, or other modifications under or to the DIP Documents to which the Company or the Partnership is a party which shall in his or her sole judgment be necessary, proper, or advisable to perform the Company's or the Partnership's obligations under or in connection with the DIP Order or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions, and (b) execute and deliver such amendments, waivers, consents, supplements, or other modifications under such agreements or documents, the execution and delivery thereof by such Authorized Person to be deemed conclusive evidence of the approval and

ratification thereof by such Authorized Person or that such Authorized Person deemed such standard to be met.

RESOLVED, that each of the Authorized Persons be, and hereby individually is, authorized, directed, and empowered in the name of, and on behalf of, each of the Company and the Partnership to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Company or the Partnership in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall in his or her sole judgment be necessary, proper, or advisable to perform the Company's or the Partnership's respective obligations under or in connection with the DIP Order or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

THE RESTRUCTURING SUPPORT AGREEMENT AND THE CHAPTER 11 PLAN

RESOLVED, that the Board has determined in its business judgment that it is desirable and in the best interests of the Company, the Partnership, their respective creditors, and other stakeholders to enter into the Restructuring Support Agreement and that each of the Company's and the Partnership's performance of its obligations under the Restructuring Support Agreement be and hereby is, in all respects, authorized and approved.

RESOLVED, that each of the Authorized Persons be, and each individually is, authorized to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the Restructuring Support Agreement and to consummate the transactions contemplated thereby, and that each of the Company's and the Partnership's performance of its obligations under the Restructuring Support Agreement hereby is, in all respects, authorized and approved.

RESOLVED, that each of the Authorized Persons has determined in its business judgment it is desirable and in the best interests of each of the Company, the Partnership, their respective creditors, and other stakeholders that the Authorized Persons file or cause to be filed the Plan and all other papers or documents (including any amendments) related thereto and to take any and all actions that they deem necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan.

RESOLVED, that the Authorized Persons, acting alone or with one or more other Authorized Persons, be and they hereby are, authorized, empowered, and directed, together with the Advisors, to file all other documents deemed necessary to confirm a plan of reorganization materially consistent with the Plan, including, but not limited to, any amendments to and modifications of the Plan.

RESOLVED, that the Authorized Persons, acting alone or with one or more other Authorized Persons, be, and they hereby are, authorized, empowered, and directed to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the Plan, if confirmed by the Bankruptcy Court, and all transactions contemplated by the Plan and the Restructuring Support Agreement.

FURTHER ACTIONS AND PRIOR ACTIONS

RESOLVED, that each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Person in his or her absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions.

RESOLVED, that to the extent the Company or the Partnership is directly or indirectly the board of directors, sole member, managing member, partner, or other governing body of certain of the Company's or the Partnership's subsidiaries (each, a "Controlled Company"), each Authorized Person is authorized, empowered, and directed to take each of the actions described in these resolutions or any of the actions authorized by these resolutions on behalf of each such applicable Controlled Company, and to confirm and approve that the entry into any Bankruptcy Petition and related documents shall not cause the member of such Controlled Company to cease being a member of such Controlled Company.

RESOLVED, that the Authorized Persons, either individually or as otherwise required by the Company's governing documents, Altera Infrastructure L.P.'s governing documents, and applicable law be, and each of them hereby is, individually authorized to execute and adopt any and all resolutions (including as sole member or stockholder of any Controlled Company) to confirm and approve and consent that the entry into any Bankruptcy Petition and related documents shall not cause the member of such Controlled Company to cease being a member of such Controlled Company.

RESOLVED, that to the fullest extent permitted by law, notwithstanding Section 21(1) and Section 21(2) of the Act, no member of any Company or of any Controlled Company shall cease being a member of such Company or such Controlled Company due to the occurrence of any of the Section 21 Events.

RESOLVED, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's or the Partnership's governing documents and applicable law, be, and each of them hereby is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as the Company or the Partnership, as applicable, itself may lawfully do, in accordance with its governing documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, amendments, supplements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, resolutions, and other documents on behalf of the Company or the Partnership, as applicable, and the payment of all expenses, including but not limited to filing fees, in each case as such Authorized Person or Authorized Persons may, in his/her/its/their absolute and unfettered discretion approve, deem or determine necessary, appropriate, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

RESOLVED, that, the Authorized Persons, either individually or as otherwise required by the Company's governing documents, the Partnership's governing documents, and/or

applicable law, be, and each of them hereby is, individually authorized to execute and adopt any and all resolutions (including as sole member or stockholder of any applicable Controlled Company) to confirm and approve and consent that the entry into any Bankruptcy Petition and related documents shall not cause the member of such Controlled Company to cease being a member of such Controlled Company.

RESOLVED, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company and the Partnership, or hereby waives any right to have received such notice.

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company or the Partnership, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Company or the Partnership, as applicable, with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board.

FURTHER RESOLVED, that minutes of the Board meeting documenting passage of these resolutions may be signed by the Chair and the Secretary without further approval by the Board.

**5      Any other business**

No new business was brought before the meeting.

**Termination**

The Board meeting ended at approximately 0401pm BST

William P. Utt (Aug 12, 2022 13:01 EDT)

Chair:  William P. Utt

Secretary:  Mark Mitchell

Fill in this information to identify the case and this filing:

Debtor Name        Altera Infrastructure L.P.

United States Bankruptcy Court for the:      **Southern District of Texas**

                                                                      (State)

Case number (If known):

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    Amended *Schedule___*

☒    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒    Other document that requires a declaration_____ **List of Equity Security Holders, Corporate Ownership Statement**_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on       <u>08/12/2022</u>            ☒   *Giles Mark Mitchell*
                      MM/ DD/YYYY                  Signature of individual signing on behalf of debtor

                                                   **Giles Mark Mitchell**
                                                   Printed name

                                                   **Authorized Person**
                                                   Position or relationship to debtor

Official Form 202           **Declaration Under Penalty of Perjury for Non-Individual Debtors**