UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |   |
|---|---|---|
| In re § | | Chapter 11 |
| § | | |
| ALTERA INFRASTRUCTURE L.P., § | | Case No. 22-90130 (MI) |
| *et al.*, § | | |
| § | | (Jointly Administered) |
| Debtors.[1] § | | |
| § | | |

**EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR ENTRY OF AN ORDER CONTINUING
THE MATTERS SCHEDULED FOR HEARING ON OCTOBER 7, 2022**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 5:00 P.M. ON SEPTEMBER 30, 2022.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The Official Committee of Unsecured Creditors (the "**Committee**") of Altera Infrastructure, L.P. and its related debtors and debtors in possession (the "**Debtors**") in the above-captioned cases (the "**Cases**") hereby moves this Court (this **"Motion"**) for entry of an Order, substantially in the form of **Exhibit A** hereto, continuing the hearing currently scheduled for October 7, 2022, at 9:00 a.m. Central (the "**October 7 Hearing**") on the Debtors': (1) 9019 Motion;[2] (2) Disclosure Statement

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Altera. The location of Debtor Altera Infrastructure L.P.'s principal place of business and the Debtors' service address in these chapter 11 cases is Altera House, Unit 3, Prospect Park, Prospect Road, Arnhall Business Park, Westhill, AB32 6FJ, United Kingdom.

[2] *Debtors' Motion for Entry of an Order Authorizing and Approving the Settlement and Release of Claims and Causes of Action by and among the Debtors and Brookfield* [Dkt. 217].

Approval Motion;³ (3) DIP Motion;⁴ and (4) Cash Management Motion⁵ (collectively the "**Debtors' Motions**"). In support of this Motion, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Committee initially believed that this Motion to move the October 7 Hearing would be best considered at the beginning of the week of September 27. Upon reflection, the Committee believes that with the possibility of a successful Mediation (September 28 and 29) or, short of resolution of the disputed matters, but with sufficient progress in the Mediation warranting a continued Mediation, that the Debtors, the Committee, and the Ad Hoc Group of TopCo Noteholders (the "**Ad Hoc Group**") will consensually agree to move the October 7 Hearing. **Nevertheless, the Committee requests that the Court set a hearing for September 30, 2020**, to address moving the October 7 Hearing, in the event a consensual agreement to such effect is not reached. In other words, the Committee believes that moving the October 7 Hearing will be significantly riper for consideration on September 30, 2022.⁶

2. This Motion follows unsuccessful attempts by the Committee, the Ad Hoc Group, and the Debtors to reach agreement on a reasonable schedule for the events and deadlines leading up to the Court's consideration of the Debtors' Motions, including an intervening Mediation⁷ – which

---

³ *Debtors' Motion for Entry of an Order (I) Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Debtors' Proposed Joint Plan of Reorganization, (III), Approving the Forms of Ballots and Notices in Connection Therewith, and (IV) Scheduling Certain Dates in Respect Thereto* [Dkt. 184].

⁴ *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Authorizing the Use of Cash Collateral, (IV) Modifying the Automatic Stay, and (V) Scheduling a Final Hearing* [Dkt. 18].

⁵ *Debtors' Emergency Motion for Entry of Interim and Final Orders Authorizing the Debtors to (I) Continue to Operate Their Cash Management System and Maintain Existing Bank Accounts and (II) Continue to Perform Intercompany Transactions* [Dkt. 15].

⁶ Notwithstanding the foregoing, the issues raised in the concurrently filed Ad Hoc Group Joinder and Motion to Quash, must be considered on September 28, 2022, which the Committee supports.

⁷ *Joint Stipulation and Agreed Order Appointing a Mediator and Governing Mediation Procedures* [Dkt. 247].

2

Mediation was not addressed by the parties, nor the Court, at the time the October 7 Hearing was scheduled by the Court.

3.  The Committee submits that the current situation warrants the Court's moving the October 7 Hearing for the following non-exclusive list of reasons:

    a.  **Privilege Log Issues**: On September 16, 2022, after multiple requests from the Committee and the Ad Hoc Group, the Debtors provided a privilege log containing 4,067 document entries. On September 23, 2022, the Debtors produced approximately 1,000 documents that had been listed on this log and served a revised privilege log that still contains *more than 3,100* document entries. This revised log must be reviewed, any disagreements over privilege claims therein resolved by meet-and-confer sessions or by judicial intervention, and any documents that are thereafter produced addressed in depositions, all before the Court considers the Debtors' Motions.

    b.  **Quinn Emanuel Presentation Privilege Issues**: On September 21, 2022, in the middle of the Committee's and the Ad Hoc Group's deposition of Carol Flaton (one of the two members of the Debtors' Board of Directors' Restructuring Committee), the Court was requested to address, *inter alia*, privilege issues with respect to the August 11, 2022, Quinn Emanuel Presentation to the Restructuring Committee (the "**Quinn Presentation**"). Briefing has been ordered by the Court and is due September 26, 2022. The Court's ruling will determine the future of discovery concerning the Quinn Presentation, including the potential resumption of Ms. Flaton's deposition. In light of the pendency of the Court's ruling on the issues surrounding the Quinn Presentation, the deposition of William Transier (the other member of the Restructuring Committee) was moved, by agreement of the parties, from September 23 to September 30, 2022, meaning that his testimony will not be available prior to the Mediation scheduled for September 28-29.

  c. **Late-Noticed Depositions by the Debtors**. On September 21, 2022, the Debtors filed notices of deposition subpoenas for David Daigle and Grant Connor, representatives of members of the Ad Hoc Group (and also representatives of members of the Committee), for September 30 and October 3, 2022, respectively. These depositions, if permitted and scheduled, would interfere with the Committee's and the Ad Hoc Group's counsel's preparation for the briefing currently due on October 3 and the hearing currently set to begin on October 7.

  d. **Late-Served Discovery by the Debtors**. On September 15, 2022, weeks after the Ad Hoc Group and the Committee served document requests and other written discovery, the Debtors served requests for production of documents on seven members of the Ad Hoc Group. If this discovery goes forward, it will necessitate review and production of documents at a time when parties are well into depositions, mediation, and preparing objections and other filings.

  e. **Impact on Prospects for a Successful Mediation**. The Mediation is scheduled for September 28 and 29, 2022 and we believe all participants hope it will be productive. However, the Committee has expressed concern to the Debtors and the Mediator that absent a more complete discovery process than that which will have taken place by September 28, the Mediation will only be a starting point for the resolution of the parties' disputes, and may need to continue after further discovery has been obtained. In light of the briefs due on October 3, the Yom Kippur holiday from sundown on October 4 to sundown on October 5, the need for hearing participants to travel to Houston on October 6, and the scheduled hearing on October 7, such continuation would not be possible under the existing schedule prior to the Hearing.

  f. **Reasonable Conduct of the Hearing on the Debtors' Motions**. The October 7 Hearing has four Debtors' Motions on calendar. The motions are immensely

consequential to this case and to creditor recoveries. Given the volume and importance of the issues to be considered, the expected examination and cross-examination of at least six witnesses, and the introduction of numerous exhibits, there is no reasonable possibility that the hearing on the Debtors' Motions can be completed on October 7. The Court has advised the parties that the Court is not available the week of October 10, 2022. Inasmuch as the Hearing will need to resume at the earliest during the week of October 17, moving the Hearing to start during the week of October 17 will not delay the ultimate resolution of the Debtors' Motions, while it would increase the prospects of resolving the disputes through mediation and thereby conserve estate resources that would otherwise be spent on litigation.

4. A summary of the current calendar of events demonstrates the need to move the current October 7 Hearing to the week of October 17, 2022 (to a date convenient to the Court's calendar):

| Date | Event |
| --- | --- |
| 9/25/22 | Deposition (by Committee and Ad Hoc Group) of Ian Craig |
| | Rosh Hashanah (evening) |
| 9/26/22 | Briefs due re Waiver of Privilege |
| | Mediation Statements Due |
| | Rosh Hashanah |
| 9/27/22 | Rosh Hashanah |
| 9/28/22 | Scheduled Mediation |
| 9/29/22 | Scheduled Mediation |
| | Deposition (by Committee and Ad Hoc Group) of James Delday |
| | Deposition (by Committee and Ad Hoc Group) of James Duthie |
| 9/30/22 | Deposition (by Committee and Ad Hoc Group) of Michael Rudnick |
| | Deposition (by Committee and Ad Hoc Group) of William Transier |
| | Subpoena served on David Daigle of Capital Group for this date |
| 10/3/22 | Subpoena served on Grant Connor of CI Global Asset Management for this date |
| | Objections due to 9019 / DIP / Disclosure Statement |
| 10/4/22 | Objections due to Cash Management Motion |
| | Yom Kippur (evening) |
| 10/5/22 | Witness and exhibit lists due for 10/7/22 Hearings |
| | Yom Kippur |
| 10/6/22 | Witnesses' and professionals' travel date |
| 10/7/22 | Hearings on 9019 Motion / DIP / Disclosure Statement / Cash Management |

5

5.  Based upon the forgoing issues and calendar of events, the Committee respectfully requests that the October 7 Hearing be moved to the week of October 17 (subject to the Court's convenience and calendar). The Committee further requests that the due dates for the oppositions to the Debtors' Motions be moved to four calendar days before the new date set for the hearing on the Debtors' Motions.

## EMERGENCY CONSIDERATION

6.  Emergency consideration of this Motion is warranted because the current schedule and events will not facilitate a successful Mediation, will result in potentially avoidable litigation expense on all sides, and absent success in the Mediation, will not permit a reasonable opportunity for all parties to present their positions with regard to the Debtors' Motions.

[*Continued on Following Page*]

**WHEREFORE**, the Committee and the Ad Hoc Group respectfully request that the Court enter an order, substantially in the form of **Exhibit A** hereto, continuing the Debtors' Motions currently set to be heard at the October 7th Hearing and grant such other and further relief as may be just and proper under the circumstances.

Respectfully Submitted,

Dated: September 26, 2022          By: */s/ Michael D. Warner*
Michael D. Warner (TX Bar No. 00792304)
**PACHULSKI STANG ZIEHL & JONES LLP**
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
Email: mwarner@pszjlaw.com

Richard M. Pachulski (admitted *pro hac vice*)
Alan J. Kornfeld (admitted *pro hac vice*)
Malhar S. Pagay (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: rpachulski@pszjlaw.com
          akornfeld@pszjlaw.com
          mpagay@pszjlaw.com

-and-

**FRIEDMAN KAPLAN SEILER & ADELMAN LLP**
Lawrence S. Robbins (admitted *pro hac vice*)
Robert J. Lack (admitted *pro hac vice*)
7 Times Square
New York, NY 10036-6516
Telephone: (212) 833-1100
Facsimile: (212) 833-1250
Email: lrobbins@fklaw.com
          rlack@fklaw.com

*Proposed Counsel for the Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I certify that on September 26, 2022, a true and correct copy of the foregoing document was served by the Bankruptcy Court's CM/ECF noticing system to all parties that are registered to receive such notice in the above Cases.

*/s/ Michael D. Warner*
Michael D. Warner

## CERTIFICATE OF ACCURACY

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Michael D. Warner*
Michael D. Warner