IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>ALTERA INFRASTRUCTURE L.P., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-90130 (MI)<br><br>(Jointly Administered) |

### AD HOC GROUP OF TOPCO NOTEHOLDERS' OBJECTION TO DEBTORS' EMERGENCY CROSS-MOTION TO COMPEL

The Ad Hoc Group of TopCo Noteholders (the "Ad Hoc Group" or "TopCo Noteholders") submits this objection to the Debtors' *Opposition to Ad Hoc Noteholder Group's Emergency Motion to Quash and Emergency Cross-Motion to Compel Discovery* (the "Cross-Motion") and states as follows.

### OBJECTION[2]

1. On September 26, 2022, the Official Committee of Unsecured Creditors filed the *Emergency Motion of the Official Committee of Unsecured Creditors for Entry of an Order Continuing the Matters Scheduled for Hearing on October 7, 2022* (Dkt. No. 271) (the "Motion to Continue". On the same date, the Ad Hoc Group filed the *Ad Hoc Group of TopCo Noteholders': (1) Joinder in Emergency Motion for Continuance filed by the Official Committee; and (2) Emergency Motion to Quash and Preclude Debtors' Untimely Discovery* (Dkt. 272) (the "Motion to Quash").

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Altera. The location of Debtor Altera Infrastructure L.P.'s principal place of business and the Debtors' service address in these chapter 11 cases is Altera House, Unit 3, Prospect Park, Prospect Road, Arnhall Business Park, Westhill, AB32 6FJ, United Kingdom.

[2] Capitalized terms not defined have the same meanings as in the Motion to Continue.

2. Also on September 26, 2022, the Debtors filed the Cross-Motion, in which they seek production from three individuals (associated with two members of the Ad Hoc Group) of "all non-privileged documents and communications relating to Altera for the period of July 27-September 30, 2021." The Cross-Motion also requests that two witnesses be made available for depositions. *See* Cross-Motion Proposed Order. The Ad Hoc Group notes that although the Cross-Motion states that the Debtors seek relief as to just Capital Research and CI, *see* Cross-Motion ¶ 2 (stating that they seek documents "from just three total custodians"), the proposed order accompanying the Cross-Motion appears to implicate all members of the Ad Hoc Group. The Ad Hoc Group understands from the Cross-Motion that the relief being sought is limited to two members of the Ad Hoc Group, and that the proposed order is erroneous.

3. Although the Debtors have narrowed the discovery they are seeking, the requested discovery remains objectionable. The Ad Hoc Group reiterates and incorporates by reference the Motion to Quash, which sets forth the basis upon which the Court should grant the Motion to Quash and deny the Cross-Motion in its entirety.

4. The relief requested by the Debtors in the Cross-Motion, even as narrowed to address only two members of the Ad Hoc Group, contemplates production of third-party investors' internal communications, assessments, strategic decision-making and even internal valuation analyses that are in any way "relating to Altera," whether or not limited to the Exchange Offer or any other focused topic. Beyond the exercise of initially reviewing documents, such a production would require extensive second-level review and likely redactions to protect proprietary information unrelated to this case.

5. In particular, as discussed at paragraphs 22 through 26 of the Motion to Quash, this kind of intrusive discovery into individual creditors' decisionmaking has been held to be

- 3 -

inappropriate, irrelevant and not proportionate to the needs of the case in a range of circumstances. The basis for disallowing it here is even stronger, given the Debtors' delay in serving discovery and where the central question is whether the Debtors possess valuable claims, which in turn depends on objective criteria (in the case of preference and constructive fraudulent transfer) and the *debtors'* intent as to *any* creditor (in the case of intentional fraudulent transfer).  The Debtors still not have explained why the discovery requested is relevant and proportionate.  Capital Group and CI, in contrast, have already agreed to provide discovery relating to communications with the Debtors, which may be relevant to the Debtors' conduct and intent.

6. Given that the Debtors' requests have been narrowed, and given that Capital Group and CI have offered certain targeted discovery in response to the Debtors' requests, the issues in dispute have likewise been narrowed to some extent.  The Ad Hoc Group will continue to seek to resolve the remaining dispute consensually.  Absent such resolution, however, the Ad Hoc Group respectfully requests that its Motion to Quash be granted and that the Debtors' Cross-Motion be denied.

Dated: September 26, 2022

Respectfully submitted,

*/s/ Paul E. Heath*
**VINSON & ELKINS LLP**
Paul E. Heath (TX 09355050)
Matthew W. Moran (TX 24002642)
Trevor G. Spears (TX 24106681)
845 Texas Tower, Suite 4700
Houston, Texas  77002
Telephone:  (713) 758-2222
pheath@velaw.com
mmoran@velaw.com
tspears@vwelaw.com

-and-

**WACHTELL, LIPTON, ROSEN & KATZ**
Emil A. Kleinhaus (admitted *pro hac vice*)
Michael S. Benn (admitted *pro hac vice*)
Angela K. Herring (admitted *pro hac vice*)
Michael H. Cassel (admitted *pro hac vice*)
51 West 52nd Street
New York, New York  10019
Telephone:  (212) 403-1000
eakleinhaus@wlrk.com
msbenn@wlrk.com
akherring@wlrk.com
mhcassel@wlrk.com

*Counsel to the Ad Hoc Group of Topco Noteholders, David Daigle and Grant Connor*

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

 */s/ Trevor G. Spears*
One of Counsel