**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ALTERA INFRASTRUCTURE L.P., *et al.*,[1] | ) | Case No. 22-90130 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ALIXPARTNERS, LLP AS ITS <u>FINANCIAL ADVISOR EFFECTIVE AS OF AUGUST 29, 2022</u>**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The Official Committee of Unsecured Creditors (the "Committee") of Altera Infrastructure L.P., *et al*. (the "Debtors"), appointed pursuant to sections 1102 of title 11 of the United States Code (the "Bankruptcy Code") hereby submits this application (the "Application") for the entry of an order (the "Proposed Order), substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to retain and employ AlixPartners, LLP ("AlixPartners") as its financial

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Altera. The location of Debtor Altera Infrastructure L.P.'s principal place of business and the Debtors' service address in these chapter 11 cases is Altera House, Unit 3, Prospect Park, Prospect Road, Arnhall Business Park, Westhill, AB32 6FJ, United Kingdom.

advisor, pursuant to the terms of the engagement letter by and among the Committee and AlixPartners, dated as of August 29, 2022 (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit B**, effective as of August 29, 2022. In support of this Application, the Committee has filed the declaration of Kathryn B. McGlynn (the "McGlynn Declaration") attached hereto as **Exhibit C**.

## Jurisdiction

1. The United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157. The Committee confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are sections 328(a) and 1103 of the Bankruptcy Code, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of Texas, Houston Division (the "Local Rules"), and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "Complex Case Procedures").

## Background

3. On August 12, 2022, (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases (collectively, the "Chapter 11 Cases") have been consolidated for procedural

purposes only and are being administered jointly. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

4. On August 22, 2022, pursuant to Bankruptcy Code section 1102(a) and 1102(b)(1), the United States Trustee for the Southern District of Texas, Houston Division (the "U.S. Trustee") appointed the Committee [Docket No. 148]. The Committee currently comprises the following three (3) members: (i) The Bank of New York Mellon; (ii) American High-Income Trust; and (iii) CI Canadian Short-Term Bond Pool.

5. On August 25, 2022, the Committee selected Pachulski Stang Ziehl & Jones LLP ("PSZ&J") to serve as its co-counsel, subject to Court approval. On that same date, the Committee also voted to retain Friedman Kaplan Seiler & Adelman LLP ("Friedman Kaplan", and, together with PSZ&J, "Committee Counsel") as co-counsel to the Committee.

6. On August 29, 2022 (the "Retention Date"), the Committee selected AlixPartners to serve as its financial advisor effective as of the Retention Date, subject to Court approval.

7. Additionally, and subject to Court approval, the Committee may seek to retain various other professionals during the pendency of these Chapter 11 Caes, including but not limited to, special counsel, financial advisors, and investment bankers.[2]

**Relief Requested**

8. By this Application, the Committee seeks entry of the Proposed Order authorizing and approving the retention and employment of AlixPartners as its financial advisor, pursuant to

---

[2] As more fully set forth in the McGlynn Declaration, AlixPartners intends to work closely with any professionals retained by the Committee to ensure that there is no unnecessary duplication of services performed on behalf of the Committee or charged to the Debtors' estates.

sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, and in accordance with the terms and conditions set forth in this Application, the Engagement Letter and the Proposed Order, effective as of the Retention Date.

9. Section 328(a) of the Bankruptcy Code empowers a committee appointed under section 1102 of the Bankruptcy Code, with the Court's approval, to employ professionals on any reasonable terms and conditions of employment to perform services for the Committee in the discharge of such Committee's duties.

### **AlixPartners' Qualifications**

10. AlixPartners is an internationally recognized restructuring and turnaround firm that has a wealth of experience in providing financial advisory services and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

11. AlixPartners is well qualified to serve as a financial advisor to the Committee. AlixPartners has assisted, advised, and provided strategic advice to debtors, creditors, bondholders, investors, and other entities in numerous chapter 11 cases of similar size and complexity to the Debtors' Chapter 11 Cases. Its professionals have provided restructuring, financial advisory or crisis management services in numerous large cases, including recent filings in this district. *See, e.g., In re GWG Holdings, Inc.*, No. 22-90032 (MI) (Bankr. S.D. Tex. Jul. 19, 2022); *In re Ion Geophysical Corp.*, No. 22-30987 (MI) (Bankr. S.D. Tex. Jun. 16, 2022); *In re CBL & Assocs. Props., Inc.*, No. 20-35226 (DRJ) (Bankr. S.D. Tex. Jan. 8, 2021); *In re Chesapeake Energy Corp.*, No. 20-33233 (DRJ) (Bankr. S.D. Tex. Sept. 21, 2020); *In re CARBO Ceramics Inc.*, No. 20-31973 (MI) (Bankr. S.D. Tex. June 30, 2020); and *In re EP Energy Corp.*, No. 19-35654 (MI) (Bankr. S.D. Tex. Jan. 8, 2020).

12. The Committee requires the services of AlixPartners to provide financial advisory and bankruptcy consulting services, as further detailed below.  The Committee is familiar with the professional standing and reputation of AlixPartners.  The Committee understands and recognizes that AlixPartners has a wealth of experience in providing financial advisory services in restructurings and reorganizations across the United States and has exemplary qualifications to perform the services required by the Committee in these cases.  AlixPartners is able to represent the Committee in a cost-effective, efficient and timely manner and has been performing such services since the Retention Date.

### Services to be Provided

13. AlixPartners has begun to provide assistance to the Committee in accordance with the terms and conditions set forth in the McGlynn Declaration and in the Engagement Letter.

14. AlixPartners will work closely with Committee Counsel and any other professionals retained by the Committee to ensure that there will be no duplication of efforts or unnecessary overlap in the services to be provided by AlixPartners and those that have been provided or which will be provided by the Committee's other professionals.  It is presently anticipated that AlixPartners will provide advice to and assist the Committee in evaluating and implementing strategic and tactical options through the bankruptcy and restructuring process. A general list of tasks AlixPartners may perform is as follows:

- Review and evaluate the Debtors' current financial condition, business plans and cash and financial forecasts, and periodically report to the Committee regarding the same.

- Review the Debtors' cash management, tax sharing and intercompany accounting systems, practices and procedures.

- Review and investigate: (i) related party transactions, including those between the Company and non-debtor subsidiaries and affiliates (including, but not limited to, shared services expenses and tax allocations) and (ii) selected other pre-petition transactions.

- Identify and/or review potential preference payments, fraudulent conveyances and other causes of action that the various Debtors' estates may hold against third parties, including each other.

- Analyze the Debtors' assets and claims, and assess potential recoveries to the various creditor constituencies under different scenarios, in coordination with the Committee's investment banker.

- Assist in the development and/or review of the Debtors' plan of reorganization and disclosure statement.

- Review and evaluate court motions filed or to be filed by the Debtors or any other parties-in-interest, as appropriate.

- Render expert testimony and litigation support services, including e-discovery services, as requested from time to time by the Committee and its counsel, regarding any of the matters to which AlixPartners is providing services.

- Attend Committee meetings and court hearings as may be required in the role of advisors to the Committee.

- Assist with such other matters as may be requested that fall within AlixPartners' expertise and that are mutually agreeable.

15. AlixPartners' decision to accept this engagement to advise and assist the Committee is contingent upon its ability to be retained in accordance with the terms and conditions of employment set forth in the Engagement Letter, compensated for its services, and reimbursed for the out-of-pocket expenses it incurs in accordance with its customary billing practices, including any indemnification provisions outlined in the Engagement Letter, as modified by the Proposed Order to comply with the practices and requirements of this Court.

## Terms of Retention

15. AlixPartners is not owed any amounts with respect to prepetition fees and expenses in connection with these cases.

16. The McGlynn Declaration and the Engagement Letter set forth the terms and conditions of AlixPartners' employment, its staffing and approach, and its billing practices.

AlixPartners has requested that the Committee seek this Court's approval of such matters with the filing of this Application.

17. AlixPartners charges fees based on actual hours expended to perform its services at standard hourly rates established for each employee, as adjusted annually. It is the customary practice of AlixPartners to bill clients for travel time consistent with guidelines of the jurisdiction. For this jurisdiction, therefore, AlixPartners will apply a 50% discount rate to non-working travel time billed. Fees reflect economies resulting from the use of paraprofessional and support personnel to develop schedules and analyses, input computer data, perform research, work on fee applications, and other activities necessary to the efficient administration of a case. Billing rates are generally representative of prevailing market rates, as awarded by other courts in similar circumstances, based on the customary compensation charged by comparably skilled practitioners in bankruptcy and non-bankruptcy engagements. Subject to this Court's approval, and as described in the McGlynn Declaration and Engagement Letter, the Committee requests that AlixPartners be entitled to receive compensation at its normal hourly rates.

18. AlixPartners will also maintain records in support of any fees (in 1/10th of an hour increments), costs, and expenses incurred in connection with services rendered in these Chapter 11 Cases. Records will be arranged by category and nature of the services rendered and will include reasonably detailed descriptions of those services provided on behalf of the Committee.

19. AlixPartners does not seek a success fee in connection with this engagement.

20. AlixPartners' current standard hourly rates for 2022, subject to periodic adjustments, are as follows:

| Title | Hourly Rate |
|---|---|
| Managing Director | $1,060 – $1,335 |

| | |
|---|---|
| Director | $840 – $990 |
| Senior Vice President | $700 – $795 |
| Vice President | $510 – $685 |
| Consultant | $190 – $505 |
| Paraprofessional | $320 – $340 |

21. AlixPartners reviews and revises its billing rates on January 1 of each year. Changes in applicable hourly rates will be noted on the invoices for the first time period in which the revised rates became effective.

22. In addition to compensation for professional services rendered by the individuals working on this matter (the "AlixPartners Personnel"), AlixPartners will seek reimbursement for reasonable and necessary expenses incurred in connection with these Chapter 11 Cases, including transportation costs, lodging, and meals. Expenses will be billed at actual cost.

23. To the extent AlixPartners requires services of its international divisions or personnel from specialized practices, the standard hourly rates for that international division or specialized practice will apply.

24. To the extent AlixPartners uses the services of independent contractors (the "Contractors") in these Chapter 11 Cases, AlixPartners shall: (a) pass through the cost of such Contractors to the Debtors at the same rate that AlixPartners pays the Contractors; (b) seek reimbursement for actual costs only; (c) ensure that the Contractors are subject to the same conflict checks as required for AlixPartners; and (d) file with the Court such disclosures required by Bankruptcy Rule 2014.

25. AlixPartners intends to apply to the Court for allowance of compensation and reimbursement of expenses, including on a monthly, interim and final basis, pursuant to 11 U.S.C.

§ 330, Bankruptcy Rule 2016, Local Rule 2016-1, any order of the Court establishing procedures for interim compensation of estate professionals, and any other applicable orders of the Court or provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

26.   Neither PSZ&J, the members of the Committee, nor any of their agents are or shall be responsible for the payment of AlixPartners' fees and costs arising out of the engagement described and referenced herein, regardless of whether or not AlixPartners is paid in full from the Debtors' estates.

27.   AlixPartners negotiated the terms and conditions of the Engagement Letter at arm's length and in good faith.  Notwithstanding anything to the contrary in the Engagement Letter, AlixPartners has agreed to certain modifications to its standard indemnification and limitations on liability provisions as reflected in the Proposed Order attached hereto as **Exhibit A**.  The Committee and AlixPartners believe that the indemnification language proposed therein complies with this Court's requirements for similar engagements of other professionals in these Chapter 11 Cases.  AlixPartners has been retained with similar or more expanded indemnification language in other representations in this district and other jurisdictions.

### AlixPartners' Disinterestedness

28.   To the best of the Committee's knowledge, information, and belief and except to the extent disclosed herein and in the McGlynn Declaration, AlixPartners: (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; (b) has no connection with the Debtors, their creditors, or other parties in interest, or the attorneys or accountants of the foregoing, or the U.S. Trustee or any person employed in the Office of the U.S. Trustee; and (c) does not hold any interest adverse to the Debtors.

29. To the extent that any new relevant facts or relationships bearing on the matters described herein during the period of AlixPartners' retention are discovered or arise, the Committee is advised that AlixPartners will use reasonable efforts to file promptly a supplemental declaration.

## Notice

30. Notice of this Application has been provided to all parties listed on the Debtors' Master Service List. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

31. No previous application for the relief requested herein has been made to this or any other Court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Committee respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: September 28, 2022

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALTERA INFRASTRUCTURE LP, *ET AL.***

By: */s/ David A. Daigle*_____
**Capital Research and Management Company O/B/O American High-Income Trust**
    By: David A. Daigle
    Its: Portfolio Manager

Solely in its capacity as Chair of the Official Committee of Unsecured Creditors of *Altera Infrastructure LP, et al.*, and not in any other capacity