**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ALTERA INFRASTRUCTURE L.P., *et al.*,[1] | ) | Case No. 22-90130 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | (Emergency Relief Requested) |

**DEBTOR'S <u>EMERGENCY</u> MOTION FOR ENTRY OF**
**AN ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF**
**THE DISCLOSURE STATEMENT; (II) APPROVING THE SOLICITATION**
**AND NOTICE PROCEDURES WITH RESPECT TO CONFIRMATION OF THE**
**DEBTOR'S PROPOSED PLAN OF REORGANIZATION; (III) APPROVING**
**THE FORM OF BALLOTS, AND NOTICES IN CONNECTION THEREWITH;**
**<u>AND (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO</u>**

> **Emergency relief has been requested. Relief is requested not later than 9:00 a.m. (prevailing Central Time) on October 7, 2022.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on October 7, 2022, at 9:00 a.m. (prevailing Central Time) in Courtroom 404, 4th floor, 515 Rusk Street, Houston, Texas 77002 (courthouse address). You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's homepage. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's homepage. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' Claims and Noticing Agent at https://cases.stretto.com/Altera. The location of Debtor Altera Infrastructure L.P.'s principal place of business and the Debtors' service address in these chapter 11 cases is Altera House, Unit 3, Prospect Park, Prospect Road, Arnhall Business Park, Westhill, AB32 6FJ, United Kingdom.

The above-captioned debtors and debtors in possession (the "Debtors") state as follows in support of this emergency motion (this "Motion"):[2]

**Preliminary Statement**

1.     The Debtors file this Motion to facilitate the swift confirmation of a chapter 11 plan that implements a global settlement (the "Noteholder Settlement") with the only objecting parties in these chapter 11 cases—the Official Committee of Unsecured Creditors (the "Committee") and certain other holders of the 8.50% senior notes (the "Noteholder Ad Hoc Group," together with the Committee, the "Noteholders").  The key terms of the Noteholder Settlement, which are the product of a three-day mediation that concluded last Friday, September 30, are reflected in the term sheet attached as Schedule 12 to the Order and are further reflected in a Plan Support Agreement, attached as Exhibit H to the Disclosure Statement between the Debtors, Brookfield, and nearly 66 percent of the Noteholders (including the Noteholders that are members of the Committee).  Since the conclusion of the mediation, the Debtors and other parties have worked expeditiously to complete the necessary documentation and bring this Motion before the Court.[3] This Motion seeks relief in line with that previously sought from the Court in the Debtors' disclosure statement approval motion filed on September 1 [Docket No. 184], although now reflecting the Noteholder Settlement and on a more expedited timeline.  The Noteholder Settlement represents a monumental step forward in the Debtors' efforts to complete their restructuring and will pave the way for the Debtors to emerge from these chapter 11 proceedings.  The Debtors are

---

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the *First Amended Joint Chapter 11 Plan of Reorganization of Altera Infrastructure L.P. and Its Debtor Affiliates* (the "Plan") or the *Second Amended Disclosure Statement for the First Amended Joint Chapter 11 Plan of Reorganization of Altera Infrastructure L.P. and Its Debtor Affiliates* (as may be modified, amended, or supplemented from time to time and including all exhibits and supplements, the "Disclosure Statement,"), as applicable.

[3]     Certain of the documentation necessary to implement the terms of the Noteholder Settlement, including the Plan, Disclosure Statement, Solicitation Materials, and Final DIP Order, remain subject to ongoing review by the Committee and all rights related thereto are reserved.

confident that confirmation of the Plan represents the best avenue for the Debtors to reorganize and maximize the value of their estates for the benefit of all stakeholders.

2.      The Noteholder Settlement represents a global compromise of all issues that have cast uncertainty over the Debtors' restructuring, following mediation, weeks of discovery, depositions of the Debtors' management team and advisors, and a threat of a contested confirmation hearing.   The Noteholder Settlement avoids further protracted and expensive litigation related to the DIP Facility and confirmation of the Plan.  Given the overwhelming support of the Plan by the Noteholders, Brookfield, and the Bank Lenders, the Debtors request an expedited hearing to ensure expedient approval of the Noteholder Settlement and the various restructurings embodied in the Plan and to preserve valuable liquidity to emerge from these chapter 11 cases.

3.      The motion to approve the Disclosure Statement, filed on September 1, 2022, had proposed a Plan objection deadline of November 9, 2022 (the "Plan Objection Deadline") and provided that the date of the hearing to approve the Plan would to be determined subject to the Court's availability (the "Confirmation Hearing").   Since September 1, the Debtors have negotiated the Noteholder Settlement and resolved all known confirmation objections. Accordingly, the Debtors request (a) approval of the Disclosure Statement on a conditional basis on October 7, 2022, (b) the Plan Objection Deadline and the deadline to object to final approval of the Disclosure Statement (the "Plan and Disclosure Statement Objection Deadline") be established as November 1, 2022 at 4:00 p.m., prevailing Central Time, and (c) the Combined Hearing to confirm the Plan and approve the Disclosure Statement on a final basis be established as November 4, 2022 at 10:00 a.m., prevailing Central Time.  For the reasons set forth in this Motion, the Court should grant the Motion.

**Jurisdiction and Venue**

4.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The bases for the relief requested herein are sections 105, 363, 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2002, 3016, 3017, 3018, and 3020, and rules 2002-1, 3016-1, 3016-2, and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**Relief Requested**

7.      The Debtors seek entry of an order, substantially in the attached form (the "Order"), granting the following relief:

   a.   ***Disclosure Statement***.  Conditionally approving the Disclosure Statement, substantially in the form attached to the Order as Schedule 1, as containing "adequate information" as required by Bankruptcy Code section 1125;

   b.   ***Solicitation and Voting Procedures***.  Approving procedures for: (i) soliciting, receiving, and tabulating votes to accept or reject the Plan; (ii) voting to accept or reject the Plan; and (iii) filing objections to the Plan and Disclosure Statement (collectively, the "Solicitation and Voting Procedures"), substantially in the form attached to the Order as Schedule 2;

   c.   ***Ballots***.  Approving the ballots, substantially in the forms attached to the Order as Schedules 3A, 3B, 3C, 3D, and 3E (collectively, the "Ballots");

   d.   ***Non-Voting Status Notices***.  Approving (i) the form of notice applicable to holders of Claims that are Unimpaired under the Plan and who are, pursuant to section 1126(f) of the Bankruptcy Code,

4

conclusively deemed to accept the Plan; (ii) the form of notice applicable to holders of Claims and Interests that are Impaired under the Plan and who are, pursuant to section 1126(g) of the Bankruptcy Code, deemed to reject the Plan; and (iii) the form of notice applicable to holders of Claims that are subject to a pending objection by the Debtors and who are not entitled to vote the disputed portion of such Claim (each of the foregoing (i)-(iii), a "<u>Non-Voting Status Notice</u>"), substantially in the form attached to the Order as <u>Schedules 4</u>, <u>5</u>, and <u>6</u>;

e.   ***Solicitation Packages***.  Finding that the solicitation materials and documents included in the solicitation packages (the "<u>Solicitation Packages</u>") that will be sent to, among others, holders of Claims entitled to vote to accept or reject the Plan, are in compliance with Bankruptcy Rules 3017(d) and 2002(b);

f.   ***Cover Letter.***  Approving the letter (the "<u>Cover Letter</u>") that the Debtors will send to holders of Claims entitled to vote to accept or reject the Plan, urging such parties to vote in favor of the Plan, substantially in the form attached to the Order as <u>Schedule 7</u>;

g.   ***Combined Hearing Notice***.  Approving the form and manner of notice of the combined hearing to be held by the Court to consider the adequacy of the Disclosure Statement and confirmation of the Plan (the "<u>Combined Hearing</u>," and the notice thereof, the "<u>Combined Hearing Notice</u>") pursuant to Bankruptcy Code section 1129, substantially in the form attached to the Order as <u>Schedule 8</u>;

h.   ***Plan Supplement Notice.***  Approving the notice of the filing of the Plan Supplement, substantially in the form attached to the Order as <u>Schedule 9</u> (the "<u>Plan Supplement Notice</u>");

i.   ***Assumption and Rejection Notices***.  Approving the form of notices to counterparties to executory contracts and unexpired leases that will be assumed or rejected pursuant to the Plan (the "<u>Assumption Notice</u>" and the "<u>Rejection Notice</u>," respectively), substantially in the forms attached to the Order as <u>Schedules 10</u> and <u>11</u>, respectively;

j.   ***Voting and Tabulation Procedures***.  Approving the voting and tabulation requirements and processes (the "<u>Voting and Tabulation Procedures</u>"); and

k.   ***Confirmation Dates***.  Establishing certain dates and deadlines with respect to confirmation, subject to modification as necessary.

| Event | Date | Description |
|---|---|---|
| Voting Record Date | September 30, 2022 | Date for determining (i) which holders of Claims in the Voting Classes (as defined below) are entitled to vote to accept or reject the Plan and (ii) whether Claims have been properly assigned or transferred to an assignee under Bankruptcy Rule 3001(e) such that the assignee or transferee, as applicable, can vote to accept or reject the Plan as the holder of a Claim (the "Voting Record Date"). |
| Solicitation Deadline | October 12, 2022 | Deadline by which the Debtors must distribute Solicitation Packages, including the Ballots, to holders of Claims entitled to vote to accept or reject the Plan. |
| Publication Deadline | October 14, 2022 | Date by which the Debtors will submit the Combined Hearing Notice in a format modified for publication (the "Publication Notice," and such date, the "Publication Deadline"). |
| Plan Supplement Deadline | October 25, 2022 | Date by which the Debtors shall file the Plan Supplement. |
| Voting Deadline | November 1, 2022, at 4:00 p.m., prevailing Central Time | Deadline by which holders of Claims may vote to accept or reject the Plan pursuant to Bankruptcy Rule 3017(c), and by which all Ballots (including the master Ballots and Beneficial Holder (as defined below) Ballots) must be properly executed, completed, and delivered as specified in the Solicitation and Voting Procedures. |
| Plan and Disclosure Statement Objection Deadline | November 1, 2022, at 4:00 p.m., prevailing Central Time | Deadline by which any objections to Confirmation of the Plan and final approval of the Disclosure Statement must be filed. |
| Deadline to File Voting Report | November 3, 2022, at 4:00 p.m., prevailing Central Time | Date by which the report tabulating votes on the Plan (the "Voting Report") shall be filed with the Court. |
| Combined Hearing Date | November 4, 2022, subject to the Court's availability, at 10:00 a.m., prevailing Central Time | Date of the hearing at which the Court will consider Confirmation of the Plan and final approval of the Disclosure Statement. |

### **Plan Summary**

8.     The Plan provides for a reorganization with the Debtors with a significant reduction in long-term debt and a strong, deleveraged balance sheet.  The Debtors intend to solicit the votes of only those holders of Claims and Interests that are entitled to vote to accept or reject the Plan.

6

The following chart summarizes the Classes of Claims and Interests under the Plan and each Class's respective voting rights:

| Class | Claims and Interests | Status | Voting Rights |
|---|---|---|---|
| Class 1 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 3 | IntermediateCo Notes Claims | Impaired | Entitled to Vote |
| Class 4 | IntermediateCo RCF Claims | Impaired | Entitled to Vote |
| Class 5(a)–(g) | Credit Agreement Claims Against Subsidiary Debtors | Impaired | Entitled to Vote |
| Class 6(a)–(g) | Credit Agreement Claims Against Altera | Impaired | Entitled to Vote |
| Class 7 | IntermediateCo Guarantee Claims | Impaired | Entitled to Vote |
| Class 8 | Altera Unsecured Notes Claims and other General Unsecured Claims at Altera and Altera Finance Corp. | Impaired | Entitled to Vote |
| Class 9 | General Unsecured Claims at Debtors other than Altera and Altera Finance Corp. | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 10 | Intercompany Claims | Unimpaired / Impaired | Not Entitled to Vote (Deemed to Accept or Reject) |
| Class 11 | Intercompany Interests | Unimpaired / Impaired | Not Entitled to Vote (Deemed to Accept or Reject) |
| Class 12 | Existing Preferred Equity Interests in Altera | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class 13 | Existing Common Equity Interests in Altera and Altera GP | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class 14 | Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |

9.      The Debtors are proposing to solicit votes to accept or reject the Plan from holders of Claims in Classes 3, 4, 5(a)–(g), 6(a)–(g), 7, and 8 (each, a "Voting Class" and, collectively, the "Voting Classes").  The Debtors are proposing *not* to solicit votes from holders of Claims and Interests in Classes 1, 2, 9, 10, 11, 12, 13, or 14 (each a "Non-Voting Class" and, collectively, the "Non-Voting Classes").

**Basis for Relief**

**I.     The Court Should Conditionally Approve the Disclosure Statement.**

10.     Pursuant to Bankruptcy Code section 1125, the proponent of a proposed chapter 11 plan must provide "adequate information" regarding that plan to holders of impaired claims and interests entitled to vote on the plan.  Bankruptcy Code section 1125(a)(1) provides, in relevant part, as follows:

> '[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan.

11.     The primary purpose of a disclosure statement is to provide all material information that creditors and interest holders affected by a proposed plan need to make an informed decision regarding whether or not to vote for the plan.

12.     Determining what constitutes "adequate information" for the purpose of satisfying Bankruptcy Code section 1125 resides within the broad discretion of the court.  *See, e.g., Mabey v. Sw. Elec. Power Co.* (*In re Cajun Elec. Power Coop., Inc.*), 150 F.3d 503, 518 (5th Cir. 1998).

13.     In making a determination as to whether a disclosure statement contains adequate information, courts typically look for disclosures related to topics such as:

a.     the events that led to the filing of the bankruptcy petition;

b.     the relationship of the debtor with its affiliates;

c.     a description of the available assets and their value;

d.     the debtor's anticipated future;

e.     the source of information stated in the disclosure statement;

      f.      the debtor's condition while in chapter 11;

      g.      claims asserted against the debtor;

      h.      the estimated return to creditors under a hypothetical chapter 7 liquidation;

      i.      the future management of the debtor;

      j.      the chapter 11 plan or a summary thereof;

      k.      financial information, valuations, and projections relevant to a creditor's decision to accept or reject the chapter 11 plan;

      l.      information relevant to the risks posed to creditors under the plan;

      m.      the actual or projected realizable value from recovery of preferential or otherwise avoidable transfers;

      n.      litigation likely to arise in a nonbankruptcy context; and

      o.      tax attributes of the debtor.

*In re Metrocraft Pub. Serv., Inc.*, 39 B.R. 567-68 (Bankr. N.D. Ga. 1984).  Disclosure regarding all topics is not necessary in every case.  *See In re U.S. Brass Corp.*, 194 B.R. 420, 424 (Bankr. E.D. Tex. 1996); *see also In re Phx. Petrol., Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) ("[C]ertain categories of information which may be necessary in one case may be omitted in another; no one list of categories will apply in every case.").

      14.      The Disclosure Statement complies with all aspects of section 1125 and addresses the information set forth above in a manner that provides adequate information to holders of Claims and Interests entitled to vote to accept or reject the Plan.  Specifically, the Disclosure Statement contains a number of categories of information that courts consider "adequate information," including, without limitation:

| Category | Description | Location in Disclosure Statement |
|---|---|---|
| Debtors' Restructuring Support Agreement, Noteholder Plan Support Agreement, DIP Facility, and Plan | A summary of the key components of the Debtors' proposed restructuring, including summaries of the Restructuring Support Agreement and the Plan. | Article IV |
| Debtors' Corporate History, Structure, and Business Overview | An overview of the Debtors' corporate history, business operations, organizational structure, and capital structure. | Article V |
| Events Leading to the Chapter 11 Filings | An overview of the Debtors' out-of-court restructuring efforts in response to deteriorating economic conditions, including the negotiations with respect to Restructuring Support Agreement and the Plan. | Article VI |
| Material Developments and Anticipated Events of the Chapter 11 Cases | A summary of the material developments and projected course of events in the chapter 11 cases. | Article VII |
| Liquidation Analysis | An analysis of the liquidation value of the Debtors. | Exhibit E |
| Financial Projections | A projected consolidated income statement. | Exhibit F |
| Valuation Analysis | A valuation of the post-Confirmation going-concern value of the Debtors. | Exhibit G |
| Risk Factors | Certain risks associated with the Debtors' business, as well as certain risks associated with forward-looking statements and an overall disclaimer as to the information provided by and set forth in the Disclosure Statement. | Article VIII |
| Solicitation and Voting | A description of the procedures for soliciting votes to accept or reject the Plan and voting on the Plan. | Article IX |
| Confirmation of the Plan | Confirmation procedures and statutory requirements for Confirmation and consummation of the Plan, including a liquidation analysis, financial projections, and a valuation. | Article X; Exhibit E; Exhibit F; Exhibit G |
| Certain Securities Laws Matters | A description of the applicability of section 1145 of the Bankruptcy Code and the issuance of the New GP Common Stock and New Warrants as securities under the Plan. | Article XI |
| Certain United States Federal Income Tax Consequences of the Plan | A description of certain U.S. federal income tax law consequences of the Plan. | Article XII |
| Recommendation | A recommendation by the Debtors that holders of Claims in the Voting Classes should vote to accept the Plan. | Article XIII |

15.     Rule 3016-2 of the Bankruptcy Local Rules and section M of the Procedures for Complex Case in the Southern District of Texas permit a plan proponent to move for conditional approval of a disclosure statement and a combined hearing to consider final approval of the disclosure statement and confirmation of the plan.   Conditional approval of the Disclosure Statement and proceeding with the Combined Hearing on an expedited timeline are warranted under the circumstances of this chapter 11 case.  The Debtors' Plan reflects a consensual resolution among the key parties to this case, is relatively simple and does not require extensive analysis to understand.  The Disclosure Statement should be conditionally approved for solicitation purposes.

## II.     The Disclosure Statement Provides Sufficient Notice of Injunction and Exculpation Provisions in the Plan.

16.     Bankruptcy Rule 3016(c) requires that, if a plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code, the plan and disclosure statement must describe, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction.  Fed. R. Bankr. P. 3016(c).

17.     Article VIII of the Plan describes in detail the entities subject to an injunction under the Plan and the acts that they are enjoined from pursuing.  The language in Article VIII of the Plan is in bold, making it conspicuous to anyone who reads it.  Articles VIII.B, VIII.C, and VIII.D of the Plan describe in detail the entities subject to or providing a release under the Plan, and the Claims and Causes of Action so released, and Article VIII.E of the Plan describes in detail the entities entitled to exculpation under the Plan.   Each of the foregoing sections is set forth, conspicuously, in bold typeface.   Article III.O of the Disclosure Statement describes in detail entities subject to or providing a release under the Plan and the Claims and Causes of Action so released, and the entities entitled to exculpation under the Plan, also in conspicuous, bold typeface. Finally, the Ballots and the Combined Hearing Notice describe in detail and in conspicuous, bold

typeface the entities that are subject to or providing a release under the Plan and the Claims and

Causes of Action that are so released under the Plan.  Each of the Disclosure Statement, Ballots,

and Combined Hearing Notice conspicuously states that any party who does not specifically opt

out or object to its inclusion as a Releasing Party will be bound by the Plan's release provisions.

Accordingly, the Disclosure Statement complies with Bankruptcy Rule 3016(c) by conspicuously

describing the conduct and parties enjoined, released, or exculpated by the Plan.

III.    **The Court Should Approve the Solicitation and Voting Procedures, Including the Voting and Tabulation Procedures, the Materials, and the Timeline for Soliciting Votes on the Plan.**

    A.    **The Standard for Approval of Voting and Tabulation Procedures.**

18.    Bankruptcy Code section 1126(c) provides that:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

19.    Bankruptcy Rule 3018(c) provides, in part, that "[a]n acceptance or rejection [of a

plan] shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor

or equity security holder or an authorized agent and conform to the appropriate Official Form."

Fed. R. Bankr. P. 3018(c).  The Debtors propose to use the Solicitation and Voting Procedures,

which procedures include specific voting and tabulation requirements, and processes as follows.

    B.    **Completion of Ballots.**

20.    To facilitate the process of tabulating Ballots received, the Debtors propose that a

Ballot be counted in determining the acceptance or rejection of the Plan only if it satisfies certain

criteria.  Specifically, the Voting and Tabulation Procedures provide that the Debtors may not

count a Ballot if it is, among other things, filed after the Voting Deadline, illegible, submitted by

or on behalf of a holder of a Claim or an Interest that is not entitled to vote on the Plan, unsigned, or not clearly marked. Further, the Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the Voting Report.

      **C.**      **Ballot Tabulation and Voting Procedures.**

     21.     The proposed Voting and Tabulation Procedures will facilitate the Plan confirmation process. The procedures will clarify any obligations of holders of Claims entitled to vote to accept or reject the Plan and will create a straightforward process by which the Debtors can determine whether it has satisfied the numerosity requirements of Bankruptcy Code section 1126(c). The Voting and Tabulation Procedures are in the best interests of the Debtor's estate and all parties in interest. Good cause supports the relief requested herein.

     22.     Further, the Debtors request that Stretto, Inc. (the "Notice and Claims Agent") be authorized (to the extent not authorized by another order of the Court) to assist the Debtors in (a) distributing the Solicitation Packages, (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by holders of Claims against and Interests in the Debtors, (c) responding to inquiries from holders of Claims, holders of Interests, and other parties in interest relating to the Disclosure Statement, the Plan, the Solicitation Packages (including the Ballots), and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, (d) soliciting votes on the Plan, and (e) if necessary, contacting creditors or holders of Interests regarding the Plan. The Solicitation and Voting Procedures and the authorization of the Notice and Claims Agent's assistance therewith comply with Bankruptcy Rule 3018(c) and should be approved.

### D.     The Court Should Approve the Form of the Ballots.

23.     In accordance with Bankruptcy Rule 3018(c), all votes to accept or reject the Plan must be cast by using an appropriate Ballot.  Although based on Official Form B314, the Ballots were modified to (i) address the particular circumstances of the chapter 11 case and (ii) include certain additional information that is relevant and appropriate for Claims in the Voting Class.  The proposed Ballots for the Voting Classes are annexed as <u>Schedule 3</u> to the Order.  The form of the Ballots comply with Bankruptcy Rule 3018(c).  The Court should approve the form of the Ballots.

24.     In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery (and, in the case of master Ballots submitted by Nominees (as defined below) on behalf of Beneficial Holders of the Debtors' securities, by electronic mail), the Debtors request authorization to accept Ballots via electronic, online transmissions through a customized online balloting portal on the Debtors' case website.  Parties entitled to vote online may cast an electronic Ballot and electronically sign and submit a Ballot instantly by utilizing the online balloting portal (which allows a holder to submit an electronic signature).  Instructions for electronic, online transmission of Ballots are set forth on the forms of Ballots.  The encrypted Ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner, and the creditor's electronic signature will be deemed to be immediately legally valid and effective.  The Debtors request that Ballots submitted via the customized online balloting portal shall be deemed to contain an original signature.

### E.     The Court Should Approve the Form and Distribution of the Solicitation Packages to Parties Entitled to Vote on the Plan.

25.     Bankruptcy Rule 3017(d) specifies the materials to be distributed to holders of allowed claims upon approval of a disclosure statement, including the disclosure statement,

proposed plan and notice of the time within which acceptances and rejections of the plan may be filed. Fed. R. Bankr. P. 3017(d).

26.     In accordance with this requirement, the Debtors propose to send the Solicitation Packages to provide holders of Claims in the Voting Classes with the information they need to be able to make informed decisions with respect to how to vote on the Plan. Specifically, on or before the Solicitation Deadline, the Debtors will cause the Solicitation Packages to be distributed by first-class U.S. mail to those holders of Claims in the Voting Classes. Each Solicitation Package will include the following materials:

a.      the Order (excluding the schedules thereto, except as set forth below);

b.      the conditionally approved Disclosure Statement (annexed as Schedule 1 to the Order) and the schedules attached thereto, including the Plan;

c.      a copy of the Solicitation and Voting Procedures (annexed as Schedule 2 to the Order);

d.      an appropriate Ballot, together with detailed voting instructions with respect thereto and a pre-addressed, postage prepaid return envelope (as applicable);

e.      the Cover Letter, in substantially the form annexed as Schedule 7 to the Order;

f.      the Combined Hearing Notice, in substantially the form annexed as Schedule 8 to the Order; and

g.      such other materials as the Court may direct.

27.     The Debtors request that they be authorized to distribute the Plan, the Disclosure Statement, and the Order (without exhibits, except for the Solicitation and Voting Procedures) to holders of Claims entitled to vote on the Plan in electronic format (i.e., on a flash drive). Only the Ballots, the Cover Letter, and the Combined Hearing Notice will be provided in paper format. Distribution in this manner will translate into significant monetary savings for the Debtors' estates (the Plan, the Disclosure Statement, and the proposed Order collectively total hundreds of pages)

by reducing printing and postage costs.  It is appropriate to permit a debtor to transmit solicitation documents in electronic format in large chapter 11 cases in the interest of saving printing and mailing costs.  Further, all documents will be available in print on request to the Notice and Claims Agent and electronically, free of charge, at the Debtors' restructuring website at: https://cases.stretto.com/Altera.

28.     In many instances, certain brokerage firms and banks or their agents (collectively, the "Nominees") hold Claims or Interests in certain of the Debtors rather than the individual holders themselves (collectively, the "Beneficial Holders").  To ensure proper tabulation of votes for such Claims, the Notice and Claims Agent will deliver Solicitation Packages to holders of record as of the Voting Record Date, including Nominees.  The Notice and Claims Agent will also distribute master Ballots and Beneficial Holder Ballots to Nominees.  The Beneficial Holder Ballots will instruct each Beneficial Holder voting on the Plan through a Nominee to return the Beneficial Holder Ballot to the appropriate Nominee in sufficient time for such Nominee to timely cast votes to accept or reject the Plan on behalf of the Beneficial Holders.  The Notice and Claims Agent will then tabulate each such Ballot received in accordance with the Solicitation and Voting Procedures.

29.     Additionally, the Debtors will provide (a) complete Solicitation Packages (excluding the Ballots) to the U.S. Trustee and (b) the Order (in electronic format) and the Combined Hearing Notice to all parties required to be notified pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 2002-1 (the "2002 List") as of the Voting Record Date.  Any party that receives the materials in electronic format but would prefer paper format may contact the Notice and Claims Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense).  The Debtors will not mail

Solicitation Packages or other solicitation materials to holders of Claims that have already been paid in full during the chapter 11 cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court.

> **F.      The Court Should Approve the Notice of Combined Hearing.**

30.      The Debtors will serve the Combined Hearing Notice on all known holders of Claims and Interests and the 2002 List (regardless of whether such parties are entitled to vote on the Plan) by no later than the Solicitation Deadline.  The Combined Hearing Notice will include the following:  (i) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits), the Order, and all other materials in the Solicitation Package (excluding Ballots) from counsel for the Debtors and/or the Court's website via PACER; (ii) notice of the Voting Deadline; (iii) notice of the Plan and Disclosure Statement Objection Deadline; (iv) notice of the Combined Hearing Date, and information related thereto; and (v) instructions for attending an electronic hearing.

> **G.      The Court Should Approve the Plan Supplement Notice.**

31.      The Plan defines "Plan Supplement" to mean compilation of documents and forms of documents, term sheets, agreements, schedules, and exhibits to the Plan (in each case, as may be altered, amended, modified, or supplemented from time to time in accordance with the terms hereof and in accordance with the Bankruptcy Code and Bankruptcy Rules) to be filed prior to the Confirmation Hearing to the extent available, and any additional documents filed prior to the Effective Date as amendments to the Plan Supplement, including the following, as applicable: (a) the New Organizational Documents; (b) to the extent known, the identities of the members of the New Board; (c) the Assumed Executory Contracts and Unexpired Leases Schedule; (d) the Rejected Executory Contracts and Unexpired Leases Schedule; (e) the New Warrant Agreements; (f) the Schedule of Retained Causes of Action; (g) the definitive documentation related to the

Management Incentive Plan; (h) the Bank Term Sheet; (i) the Restructuring Transactions Memorandum; (j) the Rights Offering Procedures and other documents or forms necessary to implement the Rights Offering; and (k) the Equinor Contract.  The Debtors shall have the right to alter, amend, modify, or supplement the documents contained in the Plan Supplement up to the Effective Date as set forth in this Plan and in accordance with the Restructuring Support Agreement and the Noteholder Plan Support Agreement (and subject to the applicable consent rights thereunder).

32.     To ensure that all holders of Claims and Interests receive notice of the Debtors' filing of the Plan Supplement, the Debtors propose to send the Plan Supplement Notice on the date the Debtors file the Plan Supplement, or as soon as practicable thereafter.  Accordingly, the Plan Supplement Notice should be approved.

### H.     The Court Should Approve the Form of Notices to Non-Voting Classes.

33.     The Non-Voting Classes are not entitled to vote on the Plan.  As a result, they will **_not_** receive Solicitation Packages.   Instead, the Debtors propose that such parties receive a Non-Voting Status Notice.  Specifically, in lieu of solicitation materials, the Debtors propose to provide the following to holders of Claims and Interests in Non-Voting Classes:

| Class(es) | Status | Treatment |
|---|---|---|
| 1, 2, 9, 10, 11 | Unimpaired—Deemed to Accept | Will receive a notice, substantially in the form attached to the Order as <u>Schedule 4</u>, in lieu of a Solicitation Package. |
| 12, 13, 14 | Impaired—Deemed to Reject | Will receive a notice, substantially in the form attached to the Order as <u>Schedule 5</u>, in lieu of a Solicitation Package. |
| N/A | Disputed Claims | Holders of Claims that are subject to a pending objection by the Debtors are not entitled to vote the disputed portion of their Claim.  As such, holders of such Claims will receive a notice, substantially in the form attached to the Order as <u>Schedule 6</u> (which notice shall be served together with such objection). |

34.     Each of the Non-Voting Status Notices will include:  (i) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits thereto), the Order, and all other materials in the Solicitation Package (excluding Ballots) from counsel for the Debtors free of charge and/or the Court's website via PACER; (ii) a disclosure regarding the injunction and exculpation language set forth in Article VIII of the Plan; (iii) notice of the Plan and Disclosure Statement Objection Deadline; and (iv) notice of the Combined Hearing.  The transmittal of Non-Voting Status Notices in lieu of Solicitation Packages satisfies the requirements of Bankruptcy Rule 3017(d).  Thus, the Debtors do not intend to distribute Solicitation Packages to holders of Claims and Interests in the Non-Voting Classes.

35.     The Debtors further request that they not be required to mail Solicitation Packages or other solicitation materials to (i) holders of Claims and Interests that have already been paid in full during the chapter 11 case or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court or (ii) any party to whom a notice of the hearing regarding the Court's approval of the Disclosure Statement (the "Disclosure Statement Hearing Notice") was sent but was subsequently returned as undeliverable.

**I.      The Court Should Approve the Notices to Contract and Lease Counterparties.**

36.     Article V.A of the Plan provides that each of the Debtors' Executory Contracts and Unexpired Leases will be deemed assumed and assigned to the Reorganized Debtors as of the Effective Date, unless such agreement:  (a) is identified on the Rejected Executory Contract and Unexpired Lease Schedule; (b) previously expired or terminated pursuant to their own terms; (c) have been previously assumed or rejected by the Debtors pursuant to a Final Order; (d) are the subject of a motion to reject that is pending on the Effective Dates; or (e) have an ordered or requested effective date of rejection that is after the Effective Date; *provided*, *however*, that the Debtors shall not reject any charters related to the Amended and Restated Bank Facilities. *See* Plan

at Art. V.A.  Additionally, Article V of the Plan provides that the Debtors will provide notices of proposed assumption and proposed amounts of Cure Claims to the applicable third parties.  *Id.* at Art. V.C

37.     To ensure that counterparties to executory contracts and unexpired leases receive notice of assumption or rejection of their executory contract or unexpired lease (and any corresponding cure Claim) pursuant to the Plan, the Debtors will mail an Assumption Notice or a Rejection Notice, as appropriate, within the time periods specified in the Plan.

**J.     The Court Should Approve the Voting Record Date.**

38.     Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan, "creditors and equity security holders shall include holders of stocks, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing."  Fed. R. Bankr. P. 3017(d).  Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.  Fed. R. Bankr. P. 3018(a).

39.     The Debtors request that the Court exercise its authority under Bankruptcy Rules 3017(d) and 3018(a) to establish September 30, 2022, as the Voting Record Date.  Moreover, the Debtors propose that, with respect to any transferred Claim or Interest, the transferee shall be entitled to receive a Solicitation Package and, if the holder of such Claim or Interest is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim or Interest ***only if***:  (a) all actions necessary to effectuate the transfer of the Claim or Interest pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date; or (b) the transferee files by the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the

transfer.  In the event a Claim or Interest is transferred after the Voting Record Date, the transferee

of such Claim or Interest shall be bound by any vote on the Plan made by the holder of such Claim

or Interest as of the Voting Record Date.

40.     The Debtors request that, after distribution of Solicitation Packages to holders of

Claims entitled to vote on the Plan by the Solicitation Deadline, the Court require that all holders

of Claims entitled to vote on the Plan complete, execute, and return their customized Ballots (in

accordance with the instructions on the Ballots) so that they are ***actually received*** by the Notice

and Claims Agent on or before the Voting Deadline.

41.     The foregoing timing and materials will afford holders of Claims entitled to vote

on the Plan sufficient time to review and analyze such materials and subsequently make an

informed decision as to whether to vote to accept or reject the Plan before the Voting Deadline,

consistent    with    the    requirements    of    the    applicable    Bankruptcy    Rules.

*See* Fed. R. Bankr. P. 3017(d) (after approval of a disclosure statement, the debtor must transmit

the plan, the approved disclosure statement, a notice of the time within which acceptances and

rejections of such plan may be filed, and any other information that the court may direct to certain

holders of claims).  The Voting Record Date and Voting Deadline comply with Bankruptcy

Rule 3017(d) and, therefore, should be approved.

**IV.    The Court Should Approve the Procedures for Confirming the Plan and Approving the Disclosure Statement on a Final Basis.**

**A.    The Court Should Approve the Procedures for Filing Objections to the Plan and Disclosure Statement.**

42.     Bankruptcy Code section 1128 provides that a court shall hold a hearing on

confirmation of a plan and provides that a party in interest can object to confirmation.  In addition,

the Debtors request the Court establish November 1, 2022 at 4:00 p.m. Central Time as the Plan

and Disclosure Statement Objection Deadline.

43.     Rule 2002(b) provides that there should be "not less than '28 days' notice by mail of the time fixed (1) for filing objections and the hearing to consider approval of a disclosure statement…" Fed.R. Bankr. P. 2002(b).  In this instance, the Debtors are asking for a notice period of 23 days.   The Court has discretion to reduce the time prescribed by Rule 2002(b).  Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of the court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1).

44.     Cause exists here to shorten the period prescribed by Rule 2002(b).  Given the limited number of parties who whose votes will be solicited, the overwhelming consensus, and the expense savings for the estate if the Debtors are able to close the case expeditiously, shortening the time period is warranted.

45.     The Debtors request that the Court direct the manner in which parties in interest may object to confirmation of the Plan.  Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bankr. P. 3020(b)(1).  The Combined Hearing Notice will require that objections to confirmation of the Plan or requests for modifications to the Plan, if any, must:

a.     be in writing;

b.     conform to the Bankruptcy Code, Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court;

c.     state, with particularity, the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and

d.     be filed with the Court on or before the Plan and Disclosure Statement Objection Deadline.

46.     The deadlines will afford the Court, the Debtor, and other parties in interest reasonable time, under the present extenuating circumstances, to consider any objections and proposed modifications prior to the Combined Hearing.

### Non-Substantive Modifications

47.     The Debtors request authorization, subject to any consent rights set forth in the Restructuring Support Agreement, the Noteholder Plan Support Agreement, and the DIP Credit Agreement, to make non-substantive changes to the Disclosure Statement, Plan, Combined Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Ballots, Solicitation and Voting Procedures, Assumption and Rejection Notices, Voting and Tabulation Procedures, and related documents without further order of the Court.  These changes could include changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages before distribution.

### Emergency Consideration

48.     The Debtors request emergency consideration of this Motion in accordance with Bankruptcy Local Rule 9013-1.  As set forth in this Motion, the Debtors have successfully negotiated the terms of a value maximizing transaction that facilitates emergence from these chapter 11 cases.  If the Court does not grant the relief requested herein on an emergency basis, the Debtors will not be able to enter into the settlement negotiated with the Debtors' sole objector, the Noteholders, and confirm their Plan.  This relief is critical to maximizing the value of the Debtors' estates, and the Debtors therefore request that the Court approve the relief requested herein on an emergency basis to avoid the consequences of this emergency.

**<u>Notice</u>**

49.     The Debtors have provided notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to Brookfield; (d) counsel to the CoCom; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the state attorneys general for states in which the Debtors conduct business; (i)  any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

The Debtors request entry of an order, substantially in the form of the Order filed with this

Motion, granting the relief requested herein and granting such other relief as is just and proper.

Houston, Texas
October 5, 2022

/s/  *Rebecca Blake Chaikin*

| | |
|---|---|
| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Kristhy M. Peguero (TX Bar No. 24102776) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Rebecca Blake Chaikin (S.D. Bar No. 3394311) | Brian Schartz, P.C. (TX Bar No. 24099361) |
| Victoria N. Argeroplos (TX Bar No. 24105799) | 601 Lexington Avenue |
| 1401 McKinney Street, Suite 1900 | New York, New York 10022 |
| Houston, Texas 77010 | Telephone:      (212) 446-4800 |
| Telephone:      (713) 752-4200 | Facsimile:      (212) 446-4900 |
| Facsimile:      (713) 752-4221 | Email:          joshua.sussberg@kirkland.com |
| Email:          mcavenaugh@jw.com | brian.schartz@kirkland.com |
| Email:          kpeguero@jw.com | |
| Email:          rchaikin@jw.com | - and - |
| Email:          vargeroplos@jw.com | |
| | John R. Luze (admitted *pro hac vice*) |
| *Proposed Co-Counsel to the Debtors* | 300 North LaSalle |
| *and Debtors in Possession* | Chicago, Illinois 60654 |
| | Telephone:      (312) 862-2000 |
| | Facsimile:      (312) 862-2200 |
| | Email:          john.luze@kirkland.com |
| | |
| | *Proposed Co-Counsel to the Debtors* |
| | *and Debtors in Possession* |

**<u>Certificate of Service</u>**

I certify that on October 5, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Rebecca Blake Chaikin*
Rebecca Blake Chaikin

**<u>Certificate of Accuracy</u>**

I certify the statements contained in this Motion are true and correct to the best of my knowledge.

*/s/ Rebecca Blake Chaikin*
Rebecca Blake Chaikin