IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ALTERA INFRASTRUCTURE L.P., *et al.*,[1] | ) ) | Case No. 22-90130 (MI) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DEBTORS' SECOND OMNIBUS OBJECTION TO
CERTAIN PROOFS OF CLAIM (EQUITY INTEREST CLAIMS)**

> **This is an objection to your claim. This objection asks the Court to disallow the claim that you filed in this bankruptcy case. If you do not file a response within 30 days after the objection was served on you, your claim may be disallowed without a hearing.**
>
> **A hearing will be conducted on this matter on December 12, 2022, at 11:00 a.m. prevailing Central Time, in Courtroom 400, 4th floor, 515 Rusk Street, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communications will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**
>
> **This Objection seeks to disallow certain Proofs of Claim. Claimants receiving this Objection should consult the customized notice served with this Objection.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this omnibus claims objection (this "Objection").[2]

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' Claims and Noticing Agent at https://cases.stretto.com/Altera. The location of Debtor Altera Infrastructure L.P.'s principal place of business and the Debtors' service address in these chapter 11 cases is Altera House, Unit 3, Prospect Park, Prospect Road, Arnhall Business Park, Westhill, AB32 6FJ, United Kingdom.

[2] Detailed descriptions of the Debtors, their business, and the facts and circumstances surrounding these chapter 11 cases are set forth in the *Declaration of Jan Rune Steinsland, Chief Financial Officer of Altera Infrastructure Group Ltd., in Support of the Debtors' Chapter 11 Petitions and First Day Motions*

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"), disallowing each proof of claim identified on Schedule 1 to the Order, which in each case the Debtors have determined are interests (the "Equity Interest Claims"), rather than claims. The Debtors' determinations with respect to the Equity Interests are based on a review of the Debtors' claims register, the relevant proofs of claim, the Debtors' books and records, and the supporting documentation, if any, provided by each relevant claimant (a "Claimant"). The Equity Interest Claims should be disallowed in their entirety.

2. In support of this Objection, the Debtors submit the *Declaration of David Rush in Support of the Debtors' Second Omnibus Objection to Certain Proofs of Claim (Equity Interest Claims)* attached hereto as **Exhibit A** (the "Rush Declaration").

**Jurisdiction and Venue**

3. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[Docket No. 17] and the *Declaration of David Rush in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 5] (together, the "First Day Declarations"), each filed substantially contemporaneously with the Debtors' voluntary petitions for relief under chapter 11 of the Bankruptcy Code on August 12, 2022 (the "Petition Date"). Capitalized terms used but not immediately or otherwise defined herein shall have the meanings given to them elsewhere in this Motion, the First Day Declarations, or the *Third Amended Joint Chapter 11 Plan of Reorganization of Altera Infrastructure L.P. and its Debtor Affiliates* [Docket No. 516] (the "Plan"), as applicable.

5. The bases for the relief requested herein are sections 105(a) and 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 3007, and rules 3007-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

6. The Debtors and their non-Debtor affiliates are a leading international midstream services provider to the oil and gas industry, supplying critical infrastructure assets to its customers primarily in offshore regions of the North Sea, Brazil, and the East Coast of Canada.

7. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 14, 2022, the Court entered an order [Docket No. 33] authorizing procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). On August 22, 2022, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee") [Docket No. 148]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

## The Claims Reconciliation Process

8. On October 6, 2022, the Debtors filed their statements of financial affairs and schedules of assets and liabilities[3] (the "Schedules and Statements") pursuant to Bankruptcy Rule 1007. Certain of the Schedules and Statements for a number of Debtors were amended on October 21, 2022.[4]

---

[3]  *See* Docket Nos. 329–355, 357–406.

[4]  *See* Docket Nos. 471–484.

9. On September 12, 2022, the Court entered an *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving Notice of Bar Dates* [Docket No. 224] (the "Bar Date Order"), establishing, among other things, November 4, 2022 at 5:00 p.m., prevailing Central Time, as the deadline for all non-governmental entities holding or wishing to assert a "claim" (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtors that arose before the Petition Date to file a proof of claim. As of the filing of this Objection, approximately 361 proofs of claim have been filed against the Debtors, totaling approximately $1.6 billion.

10. The Debtors and their advisors (collectively, the "Reviewing Parties") have been working diligently to review the proofs of claim, including any supporting documentation filed therewith. For the reasons set forth below, and based on their review to date, the Reviewing Parties have determined that the Equity Interest Claims should be disallowed as set forth herein.

## Objection

11. Section 502 of the Bankruptcy Code provides, in pertinent part, as follows: "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. §502(a). Section 502 also provides that "if such objection is made, the court…shall determine the amount of such claim…and shall allow such claim in such amount, expect to the extent that such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law…." 11 U.S.C. §502(b).

12. Bankruptcy Rule 3007 provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection," which include when "the objections are

4

based solely on the grounds that the claims should be disallowed, in whole or in part, because . . . they are interests, rather than claims." Fed. R. Bankr. P. 3007(d)(7).

13. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See, e.g.*, *In re Jack Kline Co., Inc.*, 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010). A proof of claim loses the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988).

14. Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of the evidence. *Id*. Despite this shifting burden during the claim objection process, "the ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Rev.*, 530 U.S. 15 (2000)).

**Equity Interest Claims**

15. The Debtors object to the Equity Interest Claims listed on Schedule 1 to the Order. As set forth in the Rush Declaration, the Reviewing Parties thoroughly reviewed the Debtors' books and records, including their Oracle Cloud infrastructure and Cube Software application that the Debtors use to review accounts payable information, the claims register, the Equity Interest Claims, and any documents filed in support therewith, if any, and believe that the Equity Interest Claims identified on Schedule 1 to the Order were filed on account of asserted equity interests held by such parties in the Debtors, *i.e.*, based solely on ownership of stock of the Debtors, and not on account of damages or a claim against the Debtors. Holders of stock of the Debtors do not have "claims" against the Debtors or their estates. See 11 U.S.C. § 501(a) ("An equity security holder

may file a proof of interest.") (emphasis added). Moreover, pursuant to paragraph 9 of the Bar Date Order, "any entity holding an equity interest in any Debtor" is not required to file a Proof of Claim. *See* Bar Date Order, ¶ 9(n). Notwithstanding such provision of the Bar Date Order, certain holders of interests filed proofs of claim asserting claims solely on account of their equity interests.

16. Pursuant to the Plan, each holder of Existing Preferred Equity Interests in Altera and Existing Common Equity Interests in Altera Parent shall be cancelled, released, and extinguished without any distribution, and will be of no further force or effect, and each holder of an Existing Preferred Equity or Existing Common Equity shall not receive or retain any distribution, property, or other value on account of its Existing Preferred Equity Interest in Altera or Existing Common Equity Interests in Altera or Altera Parent. *See* Plan, Art. III.B.12–13. Disallowance of the Equity Interest Claims will not prejudice parties holding Existing Preferred Equity Interests in Altera or Existing Common Equity in Altera or Altera Parent, but will enable the Debtors to maintain a more accurate claims register. An accurate claims register will promote the efficient administration of the chapter 11 cases after confirmation and will facilitate the rights offering contemplated by the Plan.

17. Because the vast majority of the Equity Interest Claims were filed by individual claimants, to avoid risking any fines for violations of the United Kingdom Data Protection Act of 2018 and the United Kingdom General Data Protection Regulation, the European General Data Protection Regulation, and similar laws of other countries, and in accordance with the relief granted in the *Order (I) Waiving the Requirement to File a List of Equity Security Holders, (II) Authorizing the Debtors to Redact Certain Personally Identifiable Information, and (III) Approving the Form and Manner of Notice of the Commencement of These Chapter 11 Cases* [Docket No. 202], the Debtors have filed (a) with this Objection an Order that redacts individuals'

names on the Schedule 1 attached thereto (and instead provides the claims agent's unique identification number for each claimant) and (b) concurrently, under seal, an Order that does not redact individuals' names on the Schedule 1 attached thereto.

18. The Debtors request that the Court enter an order disallowing the Equity Interest Claims identified on Schedule 1 to the Order in their entirety.

## Reservation of Rights

19. This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors to object to any claim on any grounds whatsoever. The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

## Notice

20. The Debtors have provided notice of this Objection to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to Brookfield; (d) counsel to the CoCom; (e) counsel to the Committee; (f) the United States Attorney's Office for the Southern District of Texas; (g) the Internal Revenue Service; (h) the United States Securities and Exchange

Commission; (i) the state attorneys general for states in which the Debtors conduct business; (j) the Claimants; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
November 9, 2022

/s/ *Rebecca Blake Chaikin*

| | |
|---|---|
| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Kristhy M. Peguero (TX Bar No. 24102776) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Rebecca Blake Chaikin (S.D. Bar No. 3394311) | Brian Schartz, P.C. (TX Bar No. 24099361) |
| Victoria N. Argeroplos (TX Bar No. 24105799) | 601 Lexington Avenue |
| 1401 McKinney Street, Suite 1900 | New York, New York 10022 |
| Houston, Texas 77010 | Telephone: (212) 446-4800 |
| Telephone: (713) 752-4200 | Facsimile: (212) 446-4900 |
| Facsimile: (713) 752-4221 | Email: joshua.sussberg@kirkland.com |
| Email: mcavenaugh@jw.com | brian.schartz@kirkland.com |
| Email: kpeguero@jw.com | |
| Email: rchaikin@jw.com | - and - |
| Email: vargeroplos@jw.com | |
| | John R. Luze (admitted *pro hac vice*) |
| *Co-Counsel to the Debtors* | 300 North LaSalle |
| *and Debtors in Possession* | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | Email: john.luze@kirkland.com |
| | |
| | *Co-Counsel to the Debtors* |
| | *and Debtors in Possession* |

**<u>Certificate of Service</u>**

      I certify that on November 9, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                              */s/ Rebecca Blake Chaikin*
                                              Rebecca Blake Chaikin

**Exhibit A**

**David Rush Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| ALTERA INFRASTRUCTURE L.P., *et al.*,[1] | ) Case No. 22-90130 (MI) |
| Debtors. | ) (Jointly Administered) |

## DECLARATION OF DAVID RUSH
## IN SUPPORT OF DEBTORS' SECOND OMNIBUS OBJECTION
## TO CERTAIN PROOFS OF CLAIM (EQUITY INTEREST CLAIMS)

I, David Rush, hereby declare under penalty of perjury:

1. I am a Senior Managing Director of FTI Consulting, Inc. ("FTI"), a global restructuring advisory services firm and a restructuring advisor to the above-captioned debtors and debtors in possession ("Debtors"). I, along with my colleagues at FTI, have been engaged by the Debtors to provide various restructuring services.

2. As part of my current position, I am responsible for overseeing the FTI team members performing certain claims management and reconciliation matters. I am generally familiar with the Debtors' day-to-day operations, financing arrangements, business affairs, and books and records that reflect, among other things, the Debtors' liabilities as of the Petition Date. I have read the *Debtors' Second Omnibus Objection to Certain Proofs of Claim (Equity Interest Claims)* (the "Objection").[2]

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' Claims and Noticing Agent at https://cases.stretto.com/Altera. The location of Debtor Altera Infrastructure L.P.'s principal place of business and the Debtors' service address in these chapter 11 cases is Altera House, Unit 3, Prospect Park, Prospect Road, Arnhall Business Park, Westhill, AB32 6FJ, United Kingdom.

[2] Capitalized terms used but not otherwise defined herein shall have the same meaning ascribed to them in the Objection.

3. To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate. The Reviewing Parties thoroughly reviewed the Debtors' books and records, including their Oracle Cloud infrastructure and Cube Software application that the Debtors use to review accounts payable information, the claims register, the Equity Interest Claims, and any documents filed in support therewith, if any, and believe that each of the Equity Interest Claims was filed on account of an equity interest in the Debtors. I believe that the disallowance of the Equity Interest Claims on the terms set forth in the Objection is appropriate.

### Equity Interest Claims

4. The Reviewing Parties thoroughly reviewed the Debtors' books and records, including their Oracle Cloud infrastructure and Cube Software application that the Debtors use to review accounts payable information, the claims register, and any documents filed in support with the Equity Interest Claims on Schedule 1 of the Order. Based on that review, I believe that the Equity Interest Claims identified on Schedule 1 to the Order were filed on account of equity interests in the Debtors such parties may hold, *i.e.*, based solely on ownership of stock of the Debtors, and not on account of damages or a claim against the Debtors. It is my understanding that holders of stock of the Debtors do not have "claims" against the Debtors or their estates.

5. It is my understanding that, pursuant to the Plan, each holder of Existing Preferred Equity Interests in Altera and Existing Common Equity Interests in Altera Parent shall be cancelled, released, and extinguished without any distribution, and will be of no further force or effect, and each holder of an Existing Preferred Equity or Existing Common Equity shall not receive or retain any distribution, property, or other value on account of its Existing Preferred Equity Interest in Altera or Existing Common Equity Interests in Altera Parent. *See* Plan, Art. III.B.12-13. Disallowance of the Equity Interest Claims will enable the Debtors to maintain a

more accurate claims register, which will ensure efficient administration of the chapter 11 cases following confirmation and facilitate the rights offering contemplated by the Plan.

6. Failure to disallow the Equity Interest Claims could result in the applicable interest holders receiving an improper recovery on account of "claims" to the detriment of the Debtors' and creditors. I believe that the disallowance of the Equity Interest Claims on the terms set forth in the Objection and Schedule 1 to the Order is appropriate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information and belief as of the date hereof.

Date: November 9, 2022

*/s/ David Rush*
David Rush
Senior Managing Director
FTI Consulting, Inc.