IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

DEC 0 7 2022

Nathan Ochsner, Clerk of Court

In Re:

ALTERA INFRASTRUCTURE L.P., et al.

Debtors.

Chapter 11

Case No. 22-90130 (MI)

(Jointly Administered)

Disagree with Debtors OBJECTION TO PROOF OF CLAIM and request Claim to go forward for consideration.

## DISAGREE WITH DEBTORS OBJECTION TO PROOF OF CLAIM AND REQUEST CLAIM TO GO FORWARD FOR CONSIDERATION.

1. The above-captioned Debtors have filed an Objection to Proof of Claim in response to my Claim on the basis that it is an equity interest rather than a claim. I disagree with the Objection and request that my claim not be eliminated because it is neither fair nor equitable to the preferred shareholders and thus fails to meet the requirements of §1129 of the Bankruptcy Code.[1] This inequitable treatment can be cured by reimbursing me the amount stated in the Proof of Claim submitted by me. The pre-packaged bankruptcy plan (the "Plan") represents a sweetheart deal in which the controlling shareholder also owns substantial debt and negotiated mostly with itself to freeze out the preferred shareholders, and thus requires additional judicial scrutiny. The Plan's proposal to leave the general unsecured creditors unimpaired is strong evidence that the proponents believe there is sufficient value to pay off the unsecured creditors in full. This implies that there is likely to be at least a little leftover that rightfully belongs to the next-in-line classes, including the preferred shareholders.

---

[1] The Plan and the disclosure document can be found at https://cases.stretto.com/altera/court-docket/court-docket-category/1235-plan-disclosure-statement/.

2. I am the beneficial owner of 130 shares of Altera Preferred Class B (ALIN PRB). Although I speak only for myself, I am confident that most of my fellow preferred shareholders have similar views. We preferred shareholders are in Class 12 under the proposed Plan.[2] Under the proposed Plan, our preferred shares will be cancelled and we will have no distributions.

3. I am appearing *pro se* and have not been engaged by any of the parties in this case. As I am not now, nor have I ever been, an attorney, I pray that the Court overlook and waive any minor procedural defects in my filing.

## Brookfield's Conflicts of Interest Require Extra Judicial Scrutiny

4. In a normal bankruptcy proceeding, the common shareholders and the debtors are in adversarial positions. As the firm's management in the initial phase of the bankruptcy is still in control of the firm, and has the right to propose a plan of reorganization, the common shareholders are represented. Management in its negotiations has a strong incentive to salvage whatever value it can for the common shareholders and so that the executives can keep their jobs. As preferred shares are senior to the common shares, this generally provides some protection to the preferred shareholders.

5. This case is different from the typical case. Brookfield controls almost all of the equity as well as a substantial portion of the debt. Thus, Brookfield was often negotiating with itself in designing this prepackaged deal. As far as I can tell, no one was or is representing the numerous small investors like myself who have purchased preferred shares.

## Brookfield as the underwater equity holder as well as debt holder has an economic incentive to shaft the preferred shareholders.

6. Altera Infrastructure L. P. is clearly in financial distress and a restructuring of its capital structure is in order. It is likely that the value of the debtor's assets less its liabilities is less than the $408 million par value of the outstanding preferred stock. This implies there is nothing left for the common shareholders. However, it is not clear that the value of the reorganized firm's assets is less than its liabilities, which would leave something for the preferred shareholders.

---

[2] According to the proposed Plan, the Debtors had issued approximately $408 million in preferred stock. See page 37 of the Plan.

7. Brookfield's equity interest could be of little value except that it controls the company and has a leading role in the bankruptcy process. Brookfield s also a major creditor. Unlike in a normal reorganization where the debt holders can, at best, salvage from value from the corpse of the bankrupt entity, in this situation Brookfield and the other creditors can increase the value of their debt holdings through the proposed reorganization plan. By grabbing the equity of the reorganized firm, the debtholders are not only made whole, they also grab any value that should have accrued to the preferred shareholders. It would be highly discriminatory and inequitable for this to happen while the preferred shareholders get nothing.

8. Note once again that in a "normal" bankruptcy, the common shareholders are diluted or wiped out. In this one, Brookfield, the major common equity shareholder, emerges once again as the major common equity shareholder.

9. All of the creditors who are willing to take equity have an incentive to undervalue the company in order to get more equity.

10. In summary, the proposed plan is neither fair nor equitable and therefore the Objection to Proof of Claim should be disregarded and the preferred shareholders should be reimbursed.


Respectfully submitted,

George Ferris Lipscomb

115 Lundy Lane

Palo Alto, CA 94306


Dated this 5th day of December 2022.

December 5, 2022

Mr. Nathan Oschner, Clerk of Court
United States Bankruptcy Court for the Southern District of Texas
515 Rusk Street, 5th Floor
Houston, TX 77002

United States Courts
Southern District of Texas
FILED

DEC 07 2022

Nathan Ochsner, Clerk of Court

**Re: Case No 22-90130 (MI) Altera Infrastructure L.P. et al.**

Dear Mr. Oschner,

I am the owner of 130 shares of Altera Infrastructure LP Preferred Stock Series B 8.5% and thus a Claimant in this case.

I disagree with Debtors' OBJECTION TO PROOF OF CLAIM and request my Claim to go forward for consideration by the Court.

I am not an attorney and have adapted the attached Response and am submitting it to the Court as specified in the Court's NOTICE OF OBJECTION TO CLAIM dated November 9, 2022.

Thank you for your assistance in submitting the Response to the Court.

Sincerely,

George Lipscomb